901 So.2d 477 (2005)
STATE of Louisiana
v.
Derrick PROCTOR.
No. 04-KA-1114.
Court of Appeal of Louisiana, Fifth Circuit.
March 29, 2005.
*479 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Kenneth Bordelon, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Defendant, Derrick Proctor, appeals from his conviction and sentence for second offense possession of marijuana. We affirm.
On November 6, 2002, the Defendant and Joseph Davis (Davis) were charged by bill of information with possession of marijuana, second offense. La.R.S. 40:966(C). The Defendant was arraigned on November 25, 2002, and pled not guilty. On February 10, 2003, the State amended the charge against the Defendant to third offense possession of marijuana. The Defendant *480 was arraigned that day on the amended charge and pled not guilty.
A jury trial as to the Defendant only was begun on May 6, 2003. A mistrial was declared by the trial judge following jury selection. The State amended the bill of information that day to reinstate the charge of second offense possession of marijuana. The Defendant was arraigned and he pled not guilty.[1]
The Defendant was tried on July 1, 2003 by a six-person jury and found guilty as charged. The Defendant subsequently filed motions for new trial and arrest of judgment, which were denied on July 24, 2003. The Defendant waived statutory delays and the trial judge sentenced him to three years at hard labor and granted the Defendant's appeal.[2]
Deputy Benny Griffin of the Jefferson Parish Sheriff's Office was on patrol in an unmarked police car on Ames Boulevard in Marrero at 11:00 p.m. on October 11, 2002. As a member of the Street Crimes Division, he wore a black military style uniform. Deputy Griffin entered the Chateau Ames apartment complex at 1521 Ames Boulevard. He knew from experience that there was a great deal of drug activity in the northern section of the complex, so he focused his attention on that area.
When Deputy Griffin drove into the parking lot adjacent to the rear building, he saw a white Mercedes automobile parked with two black men sitting inside. A third man was standing beside the car, leaning into the open driver's side window. The deputy saw the driver and the third man engage in a hand-to-hand transaction. He believed that they were engaged in a narcotics sale and he decided to investigate. He called for backup officers over the police radio, exited his vehicle and approached the Mercedes. The man standing beside the car walked away quickly. The deputy shined his flashlight on the interior of the Mercedes and identified himself as a sheriff's deputy. He ordered the car's occupants to show him their hands. The car's driver, Davis, put the Mercedes in reverse and backed it toward Deputy Griffin. The Deputy drew his gun and retreated to his car. Davis continued to follow him. The deputy testified that he believed Davis was trying to run into him with the Mercedes.
Deputies Kevin Bowser and Jason Barrette arrived at the scene and helped Deputy Griffin block the Mercedes from exiting the parking lot. The three deputies exited their car with guns drawn. They ordered the Defendant and Davis to get out of their car and lie on the ground. The two men complied. Deputy Barrette testified that the Defendant was the passenger in the car. The Defendant and Davis were handcuffed and turned over to Deputy Griffin.
Deputy Barrette testified that when he walked past the open driver's side door of the Mercedes, he smelled the overwhelming odor of burned marijuana. He looked into the car and saw a clear plastic bag of green vegetable matter in plain view on the center console. Based on his law enforcement experience, Barrette believed the substance to be marijuana. Barrette retrieved the plastic bag.
*481 Deputy Griffin testified that both men were placed under arrest. At Deputy Griffin's request, K-9 officer Wade St. John brought a drug detecting dog to the scene to examine the car for additional narcotics. No other drugs were found.
At trial, the parties stipulated to the crime lab report, which showed that an expert had tested the vegetable matter seized in this case, and found it to be positive for marijuana. The parties further stipulated to the Defendant's prior conviction for possession of marijuana.
At trial Davis testified for the defense that he went to the Chateau Ames complex on the night of October 11, 2002 to ask his brother to go out with him. He was driving his white Mercedes. His brother was not at home, so Davis started to leave the complex. He encountered the Defendant, who asked him for a ride. The police officers pulled him over as he and the Defendant were leaving by way of the front driveway.
Davis testified that he had bought marijuana that day from someone in Harvey and he was carrying the marijuana in his pocket. Davis said that the Defendant did not know he had marijuana. When the deputies stopped the men, Davis took the marijuana from his pocket and placed it on the console where they would see it. He testified that he placed the marijuana in plain view, because he did not want to reach into his pocket for it after the officers took him out of the car.
Davis testified that he did not know why the officers pulled him over. He stated that he was not smoking marijuana in his car and that he had not smoked any marijuana that day. On cross-examination, however, he admitted to testifying at an earlier hearing that there was a strong odor of marijuana in his car. Davis testified that he had already pled guilty to possession of marijuana in connection with this case.
The Defendant testified that he asked Davis, whom he knows as "Doo," for a ride home from Chateau Ames on the night in question. The Defendant did not want to drive his own car at night, because one of its taillights was not working. The two men were waiting in Davis' car for Davis' brother when the first officer approached. The officer ordered them out of the car. Doo said, "[M]an, I got a bag of weed." Doo then put the bag on the "counter." Doo told the Defendant, "my charge, my charge[.]" The Defendant testified that he was on parole for convictions associated with his former crack addiction. He said that he does not use drugs any longer and that his employer requires random drug testing.
On appeal, the Defendant asserts that the evidence was insufficient to support the verdict and that his sentence is excessive. He asks for a patent error review.

INSUFFICIENT EVIDENCE
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Bailey, 04-85, p. 4 (La.App. 5th Cir.5/26/04), 875 So.2d 949, 954-955, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476. When the trier-of-fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. Bailey, 04-85 at 4, 875 So.2d at 955. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. State v. Marcantel, 00-1629, *482 p. 9 (La.4/3/02), 815 So.2d 50, 56; Bailey, 04-85 at 5, 875 So.2d at 955.
To support a conviction of second offense possession of marijuana, the state must prove that the defendant was in possession of marijuana, that he knowingly possessed it, and that he had a prior conviction for possession of marijuana. La.R.S. 40:966(C); La.R.S. 40:966(E)(2). Guilty knowledge is an essential element of the crime of possession of contraband. Since guilty knowledge is a state of mind, it need not be proven as fact, but may be inferred from the circumstances. State v. Major, 03-3522, pp. 8-9 (La.12/1/04), 888 So.2d 798, 803; State v. Lathers, 03-941, p. 6 (La.App. 5th Cir.2/23/04), 868 So.2d 881, 885.
The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. A person not in physical possession of the drug is considered to be in constructive possession of a drug, even though it is not in his physical custody, when the drug is under that person's dominion and control. Lathers, 03-941 at 6, 868 So.2d at 885. A subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs. State v. Marshall, 02-1067, pp. 8-9 (La.App. 5th Cir.2/25/03), 841 So.2d 881, 888, writ denied, 03-0909 (La.9/26/03), 854 So.2d 345.
The question of possession hinges on the particular facts of each case. Mere presence in an area where drugs are found or mere association with the person in actual possession does not constitute constructive possession. Major, 03-3522 at p. 7, 888 So.2d at 802. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include (1) the defendant's knowledge that illegal drugs were in the area, (2) his relations with the person found to be in actual possession, (3) the defendant's access to the area where the drugs were found, (4) evidence of recent drug use by the defendant, (5) the existence of paraphernalia, and, (6) evidence that the area was frequented by drug users. Id.; State v. Williams, 01-644, pp. 5-6 (La.App. 5th Cir.11/27/01), 802 So.2d 909, 913.
The Defendant argues that the State proved only his presence in the vehicle where the marijuana was found, which was not sufficient to prove that he had dominion and control over the contraband. However, Deputy Griffin testified that he observed Davis, the driver of the car, engage in what appeared to be a drug transaction with an unknown man. Since the Defendant was seated next to Davis at the time, it is reasonable to conclude that he saw the exchange. When the officers stopped the Mercedes and the suspects were removed from the car, both Deputy Griffin and Deputy Barrette detected the strong smell of burned marijuana coming from inside the vehicle. Considering the Defendant's admitted history of drug abuse, it is reasonable to conclude that he was familiar with the smell of marijuana. Additionally, the marijuana was sitting in plain view on the console between the Defendant and Davis when the deputies discovered it. Deputy Griffin testified that, as he approached the car and gave the subjects verbal commands, the Defendant and Davis looked at each other and then at the console. Davis then looked out of his window at the deputy.
Davis' testimony established the Defendant's relationship to him. Davis said that he knows the Defendant from "seeing him around." The Defendant was apparently familiar enough with Davis to ask him for *483 a ride at night and he knew him by the nickname "Doo". In addition, the Chateau Ames is a high crime area known for drug trafficking, which was known to Davis and the Defendant as they were there to see relatives who lived there. In addition, the marijuana was in a clear plastic bag next to him on the console. Thus, the Defendant had access to the place where the marijuana was found. Although at trial on direct Davis denied that there was a marijuana smell in his car, he admitted on cross-examination that he had testified there was a marijuana smell at an earlier hearing.
Based on the foregoing, viewing the evidence in the light most favorable to the prosecution, we find that the evidence was sufficient to convict the Defendant.

EXCESSIVE SENTENCE
Defendant filed a Motion to Reconsider Sentence/Motion to Modify or Amend Sentence on September 2, 2003, asserting that his three year sentence is excessive in several arguments. The trial judge denied the motion on September 5, 2003. In any case, the Defendant's motion was not timely under the provisions of La.C.Cr.P. art. 881.1(A)(1). Nevertheless, we can review the sentence for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set aside a sentence absent a manifest abuse of discretion. Smith, 01-2574 at 6, 839 So.2d at 4. On appellate review, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. Smith, 01-2574, at 6-7, 839 So.2d at 4.
The Defendant's sentencing exposure under La.R.S. 40:966(E)(2) was zero to five years. His sentence of three years is a mid-range term, not inconsistent with his extensive history of drug convictions. The Defendant testified that he was on parole for a drug conviction at the time of his arrest in the instant case. His sentence is actually illegally lenient, because the trial court failed to impose a mandatory fine of not more than two thousand dollars.[3] We find that the trial judge did not abuse his broad discretion in imposing a three-year sentence.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Frazier, 03-1219, p. 8 (La.App. 5th Cir.3/30/04), 870 So.2d 1075, 1079; writ denied, 04-1290 (La.10/29/04), 885 So.2d 584. After our review, we found that the Defendant's sentence is illegally lenient. La.R.S. 40:966(E)(2) provides that persons convicted of second offense possession of marijuana "shall be fined not more than two thousand dollars [.]" The trial court erred in failing to impose the mandatory fine. *484 Neither the State nor the Defendant raised this issue below or on appeal. This Court has the authority to correct an illegally lenient sentence despite the fact that neither party has raised the issue. State v. Turner, 03-325, p. 13 (La.App. 5th Cir.6/19/03), 850 So.2d 811, 819, writ denied, 03-2170 (La.1/30/04), 865 So.2d 74. We have recognized that this authority is permissive rather than mandatory. Id.; State v. Sarrio, 04-89, p. 7 (La.App. 5th Cir.5/26/04), 875 So.2d 898, writ denied, 04-1579 (La.11/15/04), 887 So.2d 474. Under these facts, we decline to correct the illegally lenient sentence.[4]
Accordingly, the Defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] On May 7, 2003, the Defendant filed a Motion to Quash based on a claim of double jeopardy. The trial judge denied the motion that day and the Defendant applied to this Court for supervisory writs. On May 7, 2003, this Court denied Defendant's writ application. See, State v. Derrick Proctor, Writ No. 03-K-541 (La.App. 5th Cir.5/7/03).
[2] The Defendant filed a pro se Motion to Reconsider Sentence/Motion to Modify or Amend Sentence on September 2, 2003, which was also denied.
[3] See errors patent discussion, ante.
[4] We also found that the Defendant's appeal motion was premature, as it was filed prior to sentencing. However, a premature appeal need not be dismissed when a sentence is imposed after the defendant's motion for appeal is filed. State v. Washington, 98-69, p. 4 (La.App. 5th Cir.1/26/99), 727 So.2d 673, 675. Thus, no action is required relative to this error.