SUSAN M. CHEHARDY, Judge.
 

 |2Stanley Thompson appeals his conviction of possession of cocaine. We affirm, for the reasons that follow.
 

 On November 30, 2006, the Jefferson Parish District Attorney filed a bill of information charging Stanley Thompson with violation of La. R.S. 40:967(C), possession of cocaine. On December 1, 2006, the defendant was arraigned and entered a plea of not guilty. On April 21, 2008, the trial court denied his motion to suppress evidence and statement.
 

 On July 22, 2008 the case was tried before a six-person jury, which unanimously found the defendant guilty as charged. On July 31, 2008, the trial court denied the defendant’s motions for new trial and for post-verdict judgment of acquittal. On the same date, the defendant waived sentencing delays, and the trial court sentenced him to imprisonment at hard labor for five years.
 

 Also on July 31, 2008, the State filed a habitual offender bill alleging the defendant to be a fourth-felony offender. The defendant denied the allegation. The State later amended the multiple bill by alleging the defendant to be a third-felony offender, rather than a fourth-felony offender. On September 22, 2008, the defendant stipulated to the amended bill, whereupon the trial court vacated the | rioriginal sentence and resentenced the defendant to imprisonment at hard labor for six years without benefit of probation or suspension of sentence.
 

 The defendant now comes before us on a timely appeal.
 
 [1]
 

 FACTS
 

 Detective Todd Rivere of the Jefferson Parish Sheriffs Office testified as follows. On November 10, 2006 he and Deputy Paul Smith responded to a call at 414 Meyers Boulevard in Marrero regarding suspicious persons possibly being in an abandoned home at that location. Detective Rivere arrived at 5:25 p.m. and met with the caretaker of the property, who informed him that no one should be inside the residence. Detective Rivere and Dep
 
 *1108
 
 uty Smith entered the residence from the back door, which was slightly open.
 

 Upon entering the house, they announced their presence and asked if anyone was home. When they got no response, they began walking through the house. As they approached the front part of the house, Detective Rivere heard voices coming from the front room. Detective Rivere opened the door and immediately encountered four subjects in the small room. The detective saw the defendant, who was nude, lying on his back. To the defendant’s left was a female, partially nude from the waist down, who was performing a sexual act on the defendant. Detective Rivere also observed another male seated in a brown reclining chair, with another female kneeling down in front of him. Those two individuals were fully clothed.
 

 | .¡Detective Rivere observed a very thick, heavy white smoke, which he believed was the emission of burning crack cocaine. He also detected a faint smoky odor commonly associated with burnt crack cocaine. He described the house as an abandoned, distressed and “somewhat” filthy home, with no furniture except for the brown reclining chair. Based on his experience, Detective Rivere concluded that the subjects were smoking crack cocaine.
 

 The detective immediately ordered the subjects to show their hands for safety reasons. He then separated them, placed handcuffs on them, arrested them, and advised them of their rights. Detective Rivere recovered two rocks of crack cocaine from the brown reclining chair and three glass cylinders, commonly known as crack pipes, from the room. Two of the crack pipes were located within approximately two feet from the defendant. One of them was located to the defendant’s immediate left, and another one was located a little further toward the closet. In that room was also a lighter with the tip removed, which Detective Rivere explained was used to increase the heat in the crack pipe, and unused “Chore Boy,” which he explained was commonly used in crack pipes to smoke crack cocaine.
 

 The defendant told Detective Rivere that the house belonged to his aunt who lived in Mississippi. The defendant could not provide her name, address, or telephone number, however, for the detective to corroborate the defendant’s story. The defendant also told the detective he was a crack addict, but was not smoking crack cocaine.
 

 Daniel Waguespack, an expert in the fields of forensic science and the analysis of controlled dangerous substances, testified that the substance in this case tested positive for the presence of cocaine.
 

 The defense did not call any witnesses.
 

 | ¡¡ASSIGNMENTS OF ERROR
 

 The defendant’s three assignments of error all relate to the sufficiency of evidence presented by the State to support the conviction. As such, we discuss them together.
 

 In Assignment of Error No. 1, the defendant asserts the circumstantial evidence is insufficient to exclude every reasonable hypothesis of innocence. In Assignment No. 2, the defendant contends the trial court erred by denying the motion for new trial. In Assignment No. 3, the defendant argues the trial court erred by denying the motion for post-verdict judgment of acquittal.
 

 The defendant argues that the circumstantial evidence was insufficient to support the verdict because it failed to exclude every reasonable hypothesis of innocence. He contends, therefore, that the trial court erred by denying his motions for new trial and post-verdict judgment of acquittal.
 
 *1109
 
 The State responds that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of possession of cocaine.
 

 At the hearing on the motions for new trial and for post-verdict judgment of acquittal, defense counsel argued that the evidence was insufficient to support the verdict and that the co-defendant was in actual possession of the drugs. Defense counsel further contended the State failed to meet its burden of proving beyond a reasonable doubt that the defendant was in constructive possession of the drugs. The prosecutor responded that the State had proved beyond a reasonable doubt that the defendant knowingly and intentionally possessed cocaine. After hearing the arguments of counsel, the trial judge denied the motions, stating that the verdict was appropriate based upon the evidence and the testimony.
 

 IfiThe question of sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. La. C. Cr. P. art. 821;
 
 State v. Hampton,
 
 98-331, p. 12 (La.4/23/99), 750 So.2d 867, 880,
 
 cert. denied,
 
 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999);
 
 State v. Pearson,
 
 07-332, p. 12 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 653.
 

 A motion for a new trial is based on the supposition that injustice has been done the defendant and, unless such is shown to have been the case, the motion shall be denied, no matter upon what allegations it is grounded. La. C. Cr. P. art. 851. On motion of the defendant, the court shall grant a new trial whenever the verdict is contrary to the law and the evidence. La. C. Cr. P. art. 851(1).
 

 When a motion for new trial is based on the verdict being contrary to the law and the evidence, there is nothing for review on appeal.
 
 State v. Condley,
 
 04-1349, p. 11 (La.App. 5 Cir. 5/31/05), 904 So.2d 881, 888,
 
 writ denied,
 
 05-1760 (La.2/10/06), 924 So.2d 163. The Louisiana Supreme Court and this Court, however, have addressed the constitutional issue of the sufficiency of the evidence under this circumstance.
 
 Id.
 
 Therefore, the denial of the defendant’s motion for new trial based on the sufficiency of the evidence is properly before this Court on review.
 

 In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
 
 State v. Neal,
 
 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657,
 
 cert. denied,
 
 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002), citing
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This applies whether the evidence is direct or circumstantial or a mixture of both.
 
 Id.
 

 |7The rule as to circumstantial evidence is that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. The reviewing court does not determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events.
 
 State v. Mitchell,
 
 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 83. Rather, the reviewing court must determine whether “the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.”
 
 Id.
 

 In order to support a conviction of possession of cocaine, the State must prove that the defendant was in possession of the
 
 *1110
 
 cocaine and that the defendant knowingly possessed it. La. R.S. 40:967(C);
 
 State v. Wright,
 
 05-477, p. 5 (La.App. 5 Cir. 12/27/05), 920 So.2d 871, 874-75,
 
 writ denied,
 
 06-1141 (La.2/16/07), 949 So.2d 404.
 

 “Guilty knowledge is an essential element of the crime of possession of contraband.”
 
 State v. Proctor,
 
 04-1114, p. 6 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 482. Because guilty knowledge is a state of mind, it need not be proven as fact, but may be inferred from the circumstances.
 
 Id.
 

 The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the drug.
 
 Id.
 
 A person not in physical possession of the drug is considered to be in constructive possession of a drug, although it is not in his physical custody, when the drug is under that person’s dominion and control.
 
 Id.
 

 “A subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right to control the drugs.”
 
 State v. Lewis,
 
 04-1074, p. 7 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, 299,
 
 writ denied,
 
 05-2382 (La.3/31/06), 925 So.2d 1257.
 

 |sThe mere presence of the defendant in the area where a controlled dangerous substance is found does not constitute constructive possession.
 
 State v. Jones,
 
 04-1258, p. 7 (La.App. 5 Cir. 4/26/05), 902 So.2d 426, 431. However, proximity to the drug may establish a pri-ma facie case of possession when colored by other evidence.
 
 Id.
 

 Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include (1) the defendant’s knowledge that illegal drugs were in the area, (2) his relations with the person found to be in actual possession, (3) the defendant’s access to the area where the drugs were found, (4) evidence of recent drug use by the defendant, (5) the existence of paraphernalia, and, (6) evidence that the area was frequented by drug users.
 

 Proctor,
 
 04-1114 at 7, 901 So.2d at 482.
 

 We find the evidence presented by the State was sufficient for the jury to reasonably conclude that the defendant exercised dominion and control over the cocaine, constituting constructive possession. The testimony of Detective Rivere showed that the defendant was found in an abandoned, filthy house with no furniture, in a very small room filled with dense white smoke. The detective testified that he smelled burnt crack cocaine and that the smoke was so thick the subjects must have been smoking it for at least 15 minutes. Two crack pipes were located close to the defendant, and all of the items used to consume crack cocaine were in that room. In addition, the defendant admitted to the detective that he was addicted to crack cocaine. The detective testified further that the house was located in an area known for narcotics activity and he had made many narcotics arrests in that area. Although the defendant told the detective the house belonged to his aunt, he could not provide information to confirm that story.
 

 The trier of fact may accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Baker,
 
 01-1397, pp. 4-5 (La.App. 5 Cir. 4/30/02), 816 So.2d 363, 365. It is not the function of the appellate court to evaluate the credibility of witnesses, nor to overturn the trial court on its factual determination of guilt.
 
 State v. Gentras,
 
 98-1095, p. 9 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 118,
 
 writ denied,
 
 99-1302 (La.10/15/99), 748 So.2d 464.
 

 
 *1111
 
 We find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the defendant was guilty of possession of cocaine and that every reasonable hypothesis of innocence was excluded. Therefore, we find that the trial court did not err by denying the defendant’s motions for new trial and for post-verdict judgment of acquittal.
 

 Pursuant to our usual procedure, we have reviewed the record for patent errors, and the review reveals none. La. C. Cr. P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 Accordingly, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The defendant also was charged with two other offenses arising from the cocaine possession charge. In case number 06-6113, he was charged with a misdemeanor, possession of drug paraphernalia (specifically, several pipes used for smoking crack cocaine). In case number 07-6125 he was charged with simple escape, based on removal of his ankle bracelet while he was on home incarceration pending trial of the cocaine possession charge.
 

 The drug paraphernalia charge was tried by the judge simultaneously with the jury trial of the cocaine possession charge. After the jury rendered its verdict on the cocaine possession charge, the judge found the defendant guilty of possession of drug paraphernalia. The defendant later was sentenced to six months in the parish correctional center, to run concurrently with the sentence for possession of cocaine.
 

 On September 22, 2008, the defendant pleaded guilty to the simple escape charge and was sentenced to imprisonment at hard labor for two years, to run consecutively with any other sentences he was serving. Neither the drug paraphernalia charge nor the simple escape charge are before us on this appeal.