STEPHEN J. WINDHORST, Judge.
12Pefendant, Bryan Joseph Dufrene, Jr., was convicted of fourth offense driving while intoxicated, in violation of La. R.S. 14:98(E) and was sentenced to 25 years at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence, with credit for time served. Defendant now appeals.

DISCUSSION:

In his first assignment of error, defendant alleged that the trial court erred in denying his motion to suppress. Defendant argued that he was subject to a custodial arrest which required a Miranda warning prior to his first statement.[1] Defendant alleged that the failure to administer Miranda rights tainted his subsequent statement and the results of the breathalyzer test.
In a hearing on a motion to suppress, the State bears the burden of proving the admissibility of a purported confession or statement by the defendant, and of any evidence seized without a warrant. La.C.Cr.P. art. 703(D). A trial court’s denial of a motion to suppress is afforded great weight and will not be set aside unless the evidence clearly favors suppression. State v. Butler, 01-0907 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 124. In determining whether the ruling on a motion to suppress was correct, the court is not limited to the evidence adduced at the hearing on the motion, but may consider all pertinent evidence given at trial. State v. Washington, 00-1542 (La.App. 5 Cir. 2/14/01), 782 So.2d 639, 645, writ denied, 01-0940 (La.2/8/02), 807 So.2d 859.
Inculpatory statements made by a defendant to a police officer as a result of a traffic stop do not constitute custodial interrogation and thus, do not trigger the *25 requirements of Miranda. State v. Bourgeois, 00-1585 (La.App. 5 Cir. 3/14/01), 785 So.2d 848, 852, citing State v. Pomeroy, 97-1258 (La.App. 5 Cir. 5/13/98), 713 So.2d 642. Questioning and detention that is a result of a traffic stop is “presumptively temporary and brief.” Berkemer v. McCarty, 468 U.S. 420, 437, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). The questions accorded during a routine traffic stop are not analogous to a custodial interrogation situation and thus, do not prompt the requirements of Miranda. Id. at 437-438, 104 S.Ct. 3138.
The following facts were adduced at the motion to suppress hearing and trial. On November 11, 2011, Officer Leroy Victori-ano was alerted by Westwego Chief of Police, Dwayne Munch, that a red GMC pickup truck traveling southbound on Central Avenue was swerving and the vehicle had run off the road several times. Officer Victoriano was informed that the vehicle was currently in the drive-thru at Taco Bell and he proceeded to that location. Officer Victoriano located the vehicle described as a red GMC pickup truck. The vehicle left the drive-thru, made a U-turn on the Westbank Expressway and traveled eastbound. Officer Victoriano followed the vehicle and observed the vehicle swerve from side to side in a reckless manner.
Considering his observation of the vehicle, Officer Victoriano believed that the driver of the vehicle was intoxicated or had a medical condition. Officer 14Victoriano conducted a traffic stop, based on the reckless operation of the vehicle by the defendant, in the 900 block of Central Avenue. Officer Victoriano asked the defendant if he had consumed any alcoholic beverages. Defendant told Officer Victoriano that he had three beers earlier in the evening. A field sobriety test was conducted after Officer Victoriano smelled alcohol and observed defendant’s slurred speech and red, watery eyes. Based on defendant’s poor performance during the test, Officer Victo-riano concluded that he had probable cause to arrest defendant and transported him to the Westwego Police Department, and he advised defendant of his Miranda rights. An Arrestee’s Rights Form was reviewed and signed by the defendant. Defendant was again asked if he had consumed any alcoholic beverages. Defendant stated that he had consumed three beers. Subsequent to being advised of his Miranda rights, defendant agreed to take a breathalyzer test which showed his blood alcohol content was .204% alcohol. At trial, the defendant acknowledged that he had consumed three beers and subsequently drove his vehicle.
After reviewing the entire record, we find that the trial court did not abuse its discretion in denying defendant’s motion to suppress. The record supports a finding that defendant was stopped for a traffic violation, ie., reckless operation. At the time defendant made his initial statement that he had consumed three beers, he was not under arrest or deprived of his freedom of action in any significant way.- Defendant’s statement was made during a routine traffic stop and was not subject to Miranda. Thus, defendant’s allegation that his subsequent Mirandized statement and results from the breathalyzer test were tainted is without merit.
In his second assignment of error, defendant alleged that his sentence of 25 years was unnecessarily harsh and oppressive. Defendant acknowledged that he has an alcohol problem but alleged that society would be better served if his |fisentence was reduced and he was provided rehabilitation. Because his crimes were not crimes of violence, defendant alleged that his sentence was constitutionally excessive.
The record reveals that the trial court noted defendant’s objection to the *26 sentence, even though the defendant did not state specific grounds for his objection. Furthermore, defendant did not file a motion to reconsider his sentence pursuant to La.C.Cr.P. art. 881.1. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. State v. Warmack, 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 108. See also La.C.Cr.P. art. 881.1.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Warmack, 973 So.2d at 109. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society, and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. Id.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the | flsame court and other courts. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. The appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed. Id.
Here, defendant was convicted of fourth offense driving while intoxicated. Pursuant to La. R.S. 14:98(E), a defendant is subject to a sentence of imprisonment with or without hard labor for not less than ten years nor more than thirty years, with the first two years without benefit of parole, probation or suspension of imposition or execution of sentence. Consequently, defendant was exposed to a sentencing range of ten to thirty years for a conviction of fourth offense driving while intoxicated. Defendant received a sentence of 25 years, which was within the statutory limits.
Based on a review of the record, the defendant’s sentence of 25 years was not constitutionally excessive. The evidence offered at trial showed that defendant was previously convicted of driving while intoxicated on five separate occasions, and was convicted of vehicular negligent injuring within the six years preceding this conviction. The trial court stated on the record that it believed the defendant was “in dire need of a custodial'environment” with the Department of Corrections and he could not believe how many times defendant had decided to get behind the wheel of a vehicle after drinking. The trial court further stated that “any lesser sentence would deprecate the seriousness of this offense,” considering how many times he has been charged and convicted with this same offense.
We find that the trial court did not abuse its discretion in imposing a sentence of 25 years. This assignment of error is without merit.
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
*27 |7The defendant’s sentence is illegally lenient since it fails to impose the mandatory fine as provided for by the statute. La. R.S. 14:98(E) provides that persons convicted of fourth offense or more DWI shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Here, the trial court erred in failing to impose the mandatory fine. Neither the State nor the defendant raised this issue below or on appeal. This court has the authority to correct an illegally lenient sentence despite the fact that neither party has raised the issue. State v. Proctor, 04-1114 (La.App. 5 Cir. 8/29/05), 901 So.2d 477 (citing State v. Turner, 03-325 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 819, writ denied, 03-2170 (La.1/30/04), 865 So.2d 74). This authority is permissive rather than mandatory. Proctor, supra; State v. Sarrio, 04-89 (La.App. 5th Cir. 5/26/04), 875 So.2d 898, writ denied, 04-1579 (La.11/15/04), 887 So.2d 474. Here, the defendant is indigent and is represented on appeal by the Louisiana Appellate Project. Thus, under the facts of this case, we decline to correct the illegally lenient sentence.

CONCLUSION:

For the above discussed reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).