STATE OF LOUISIANA

VERSUS

PERRY BELL

NO. 21-KA-599

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-3750, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING


June 22, 2022


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg


**<u>AFFIRMED</u>**
   **SJW**
   **JGG**
   **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Zachary L. Grate

COUNSEL FOR DEFENDANT/APPELLANT,
PERRY BELL
Bertha M. Hillman

DEFENDANT/APPELLANT,
PERRY BELL
In Proper Person

**WINDHORST, J.**

Defendant/appellant, Perry Bell, appeals his conviction and sentence for possession of a firearm by a convicted felon. For the following reasons, we affirm.

**Facts and Procedural History**

On July 31, 2020, the Jefferson Parish District Attorney filed a bill of information charging Bell with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. After a one-day trial on April 15, 2021, a twelve-person jury unanimously found defendant guilty as charged.

On May 4, 2021, the trial court sentenced defendant to fifteen years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence and ordered defendant to pay a fine of one thousand dollars. Immediately thereafter, the State filed an habitual offender bill of information alleging defendant to be a second-felony offender.

After an habitual offender bill hearing on May 13, 2021, the trial court adjudicated defendant a second-felony offender. The trial court vacated defendant's original sentence and sentenced him as an habitual offender to twenty years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant made a motion for reconsideration of sentence regarding the enhanced sentence, which the trial court denied. Defendant also filed a motion for appeal, which the trial court granted. This appeal followed.

The testimony and evidence at trial revealed the following. On July 1, 2020, a 9-1-1 caller reported that multiple males were shooting dice and had guns on their hips in the area of 28 Helen Street.[1] The Jefferson Parish Sheriff's Office dispatched Sergeant Emily Brinser to investigate. According to Sergeant Brinser's testimony

---

[1] At trial, Nancy Clary with the Jefferson Parish Sheriff's Office confirmed that the 9-1-1 call in the instant case was made at 5:08 P.M., that Sergeant Brinser responded to this call at 5:13 P.M., that Sergeant Brinser observed a subject drop a "95g by a white Pontiac" at 5:16 P.M., and that one "95g" was "under 206 Helen" at 5:19 P.M.

at trial, the following occurred upon her arrival at the scene in a marked police unit. Multiple males began running towards the back of an apartment complex but defendant, who was wearing a bright, lime green shirt and carrying a gun with a blue handle in his hand, ran alone in a different direction. She focused her attention on defendant and told the other officers in the area about the other males.

As she followed defendant, he ran along the side of a building before turning a corner. Defendant was briefly out of her sight but came back by himself with his hands up and holding a cell phone. Defendant asked Sergeant Brinser why she was stopping him, and she responded by asking him about the gun. At that point, Sergeant Brinser had Deputy Boyken, who had recently arrived, detain defendant. She then went around the corner and saw the gun underneath an air conditioning unit. She testified that she could see the blue handle of the gun sticking out from underneath the air conditioner vent. She took custody of the firearm because there were no other officers who could have stayed by the gun, and there were "lots of children in that area."

At trial, Sergeant Brinser identified the firearm that she recovered from underneath the air conditioner unit as State's Exhibit 7. She stated that it was the same firearm that she saw in defendant's hand as he turned the corner. She confirmed that she was able to clearly identify it as a firearm as defendant was running away and that defendant was the only person in the area where the gun was located.

David Cox, a JPSO expert in DNA testing analytics and procedures, testified that objects taken from an individual's possession or seen in that individual's possession are not eligible for DNA testing. He also indicated that the laboratory would not conduct a test in this situation even if the District Attorney's Office requested testing the item.

Dona Quintanilla of the Jefferson Parish Sheriff's Office Crime Laboratory testified as an expert in fingerprint examination and comparison. Ms. Quintanilla identified a ten-print fingerprint card as State's Exhibit 2 containing the fingerprints of defendant that she had previously taken prior to testifying. She also identified defendant in open court. She stated that she matched defendant's fingerprints to those affixed to certified court records for a 2014 conviction for manslaughter and that another analyst confirmed her findings.

**Law and Analysis**

In defense counsel's brief, defendant challenges the alleged excessiveness of his enhanced sentence. In a *pro se* brief, defendant alleges the following: (1) insufficient evidence to support the verdict; (2) denial of the right to self-representation; and (3) ineffective assistance of counsel.

### *Sufficiency of the Evidence*

Defendant asserts that the evidence was insufficient to support his conviction. He contends there is insufficient evidence to establish that he possessed the weapon and attacks the credibility of Sergeant Brinser. Based on the following, we find this assignment of error lacks merit.

An appellate court reviews whether evidence was sufficient to support a conviction under the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. State v. Garrison, 19-62 (La. App. 5 Cir. 4/23/20), 297 So.3d 190, 203, writ denied, 20-00547 (La. 9/23/20), 301 So.3d 1190, and cert. denied, 141 S.Ct. 2864, 210 L.Ed.2d 967 (2021). The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. State v. Harmon,

19-570 (La. App. 5 Cir. 9/9/20), 301 So.3d 1278, 1284, writ denied, 20-1160 (La. 10/14/20), 303 So.3d 306. A reviewing court may impinge on the fact finder's discretion only to the extent necessary to guarantee the fundamental due process of law.

La. R.S. 14:95.1 sets forth the elements for possession of a firearm by a convicted felon, which reads, in pertinent part:

> A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B), which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
>
> * * *
>
> C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
>
> (1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.

Thus, for defendant to be convicted of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. Only general criminal intent must be proved. La. R.S. 14:95.1. "General criminal intent is present ... when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La. R.S. 14:10(2). Intent is a question of fact and may be inferred from the circumstances of a

transaction. State v. Brown, 42,188, 42,189, 42,190 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, writ denied, 07-2199 (La. 4/18/08), 978 So.2d 347.

Sergeant Brinser's testimony at trial clearly established that defendant had possession of the firearm. She testified that when she arrived at the scene, she saw defendant in a bright, lime green shirt run in a different direction from the other males, and instantly noticed the gun in his hand, which had a blue handle. She specifically stated, "He had the barrel in his palm of his hand and the butt or the handle of the gun was sticking out where I could see it." She estimated that there was approximately ten to fifteen feet between her and defendant and that "it wasn't that far." According to Sergeant Brinser's testimony, she followed defendant around the side of a building, and he then turned the corner, but returned from around the corner with his hands up and holding a phone. She provided that defendant was only briefly out of her sight. She found the gun underneath an air conditioner around the corner defendant had taken because she saw the same blue handle sticking out from the air conditioner vent.

A review of the record indicates that the jury accepted Sergeant Brinser's testimony and found defendant guilty as charged. It is the role of the fact-finder to weigh the credibility of the witnesses, and a reviewing court will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Reed, 11-507 (La. App. 5 Cir. 2/14/12), 88 So.3d 601, 607, writ denied, 12-644 (La. 9/14/12), 97 So.3d 1014.

After viewing the evidence in a light most favorable to the State, we find that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of possession of a firearm by a convicted felon and that there was sufficient evidence to support defendant's conviction.

*Excessiveness of Sentence*

In his counseled brief, defendant asserts that his sentence of twenty years as a second felony offender is excessive because it is grossly disproportionate to the severity of the crime and is a "needless infliction of pain and suffering." Defendant argues that the trial court failed to give adequate consideration to grounds set forth in La. C.Cr.P. art. 894.1.

The Eighth Amendment to the United States Constitution and Article I, Sec. 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Dixon, 18-79 (La. App. 5 Cir. 8/29/18), 254 So.3d 828, 836, writ not considered, 18-1909 (La. 2/18/19), 263 So.3d 1154, and writ denied, 18-1909 (La. 4/8/19), 267 So.3d 606. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id.

A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Dufrene, 12-716 (La. App. 5 Cir. 4/10/13), 115 So.3d 22, 26. In considering whether a sentence is excessive, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Pearson, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. The appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4 D. In addition, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. State v. Hankton, 20-388 (La. App. 5 Cir. 7/3/21), 325 So.3d 616, 623-24, writ

denied, 21-01128 (La. 12/7/21), 328 So. 3d 425; State v. Ortego, 382 So.2d 921 (La. 1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980).

In determining a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Arceneaux, 19-472 (La. App. 5 Cir. 1/29/20), 290 So.3d 313, 316, writ denied, 20-324 (La. 5/14/20), 296 So.3d 608. The sentencing court may rely on sources of information usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, and conviction records. State v. Myles, 94-217 (La. 6/3/94), 638 So.2d 218, 219. These matters may be considered even in the absence of proof the defendant committed the other offense. Arceneaux, 290 So.3d at 316.

The record indicates that defendant orally objected to his enhanced sentence and filed a written motion for reconsideration of sentence, but did not specifically raise the issue of the trial judge's lack of compliance with La. C.Cr.P. art. 894.1. This Court has held that when the specific grounds for objection to a sentence, including alleged non-compliance with La. C.Cr.P. art. 894.1, are not specifically raised in the trial court, defendant is precluded from raising those issues on appeal and they are not included in the bare review for unconstitutional excessiveness. State v. Francois, 17-471 (La. App. 5 Cir. 3/14/18), 242 So.3d 806, 819, writ denied, 18-530 (La. 2/11/19), 263 So.3d 898. Thus, to the extent that defendant asserts that the trial court failed to articulate specific reasons for sentencing pursuant to La. C.Cr.P. art. 894.1, we cannot consider this allegation on appeal.

We can consider whether defendant's twenty-year sentence as a second felony offender is unconstitutionally excessive. Defendant pled guilty on October 7, 2014, to manslaughter, which is a violent crime, and on January 28, 2019, to possession of heroin, a narcotics-related offense. Defendant's twenty-year sentence as a second felony offender is a mid-range sentence that falls well below the forty-year

maximum penalty the trial court could have imposed. In addition, based on the facts in this case, the jurisprudence supports the imposition of defendant's twenty-year enhanced sentence. *See*, State v. Martin, 17-1100 (La. App. 1 Cir. 2/27/18), 243 So.3d 56, writ denied, 18-568 (La. 3/6/19), 266 So.3d 901; State v. Brown, 42,188 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, 753-54, writ denied, 07-2199 (La. 4/18/08), 966 So.2d 727. Furthermore, the trial testimony established that defendant ran from the police, demonstrating a disregard for police authority, and created a dangerous environment with other people including children in the area, demonstrating a disregard for human safety. Thus, considering defendant's conduct, along with his prior criminal record, and that he received a mid-range sentence, we do not find defendant's sentence unconstitutionally excessive.

### *Denial of Self-Representation*

Defendant argues in his *pro se* brief that his defense attorney filed a motion for new trial against his wishes and that he relayed this complaint to the trial court. He contends that he was denied the right to represent himself.

According to the record, at defendant's sentencing hearing via Zoom, defense counsel informed the trial court that he filed a motion for new trial and would submit on the motion, which the trial court denied. The transcript reflects that, at one point, defendant stated to defense counsel, "I don't need you to file nothing!" and then a second time restated, "I don't need him to file nothing. I'm going to file everything myself." Defense counsel then asked defendant, "Are you representing yourself now, sir?" The Court responded, "No, no, sir. That's not what he's doing. No, sir. He's not doing that. We were talking about as far as additional filing. What you filed, the Court signed it and the Court ruled on it, two minutes ago."

Subsequent thereto, defendant attended with his counsel his original sentencing hearing on May 4, 2021 and his habitual offender hearing and sentencing on May 13, 2021 without objection.

21-KA-599          8

The Sixth Amendment to the United States Constitution and Article I, Sec. 13 of the Louisiana Constitution give a defendant the right to counsel as well as the right to defend himself. The right to self-representation is not absolute. A defendant must voluntarily and intelligently reject representation by an attorney and elect to conduct his own defense and do so in a timely manner. Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). A defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Bridgewater, 00-1529 (La. 1/15/02), 823 So.2d 877, 894, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003); State v. Perry, 17-567 (La. App. 5 Cir. 6/27/18), 250 So.3d 1180, 1191, writ denied, 18-1325 (La. 11/14/18), 256 So.3d 285. Assertion of that right "must also be clear and unequivocal." State v. Bell, 09-199 (La. 11/30/10), 53 So.3d 437, 448, cert. denied, 564 U.S. 1025, 131 S.Ct. 3035, 180 L.Ed.2d 856 (2011).

There is no inflexible criteria or magic-word formula for determining the validity of a defendant's waiver of the right to counsel. State v. Stevison, 97-3122 (La. 10/30/98), 721 So.2d 843, 845; State v. Bruce, 03-918 (La. App. 5 Cir. 12/30/03), 864 So.2d 854, 857. Whether a defendant has knowingly, intelligently, and unequivocally asserted the right to self-representation must be determined on a case-by-case basis, considering the facts and circumstances of each case. State v. Leger, 05-11 (La. 7/10/06), 936 So.2d 108, 147-48, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007).

Courts must indulge in every reasonable presumption against a waiver of counsel. State v. Simmons, 13-258 (La. App. 5 Cir. 2/26/14), 136 So.3d 358, 371, writ denied, 14-674 (La. 10/31/14), 152 So.3d 151. The trial court is given much discretion in determining whether the defendant's waiver was knowing and

intelligent. State v. LaGarde, 07-288 (La. App. 5 Cir. 10/30/07), 970 So.2d 1111, 1120. "An appellate court should not reverse the trial court ruling absent an abuse of its discretion." State v. Barnett, 18-254 (La. App. 5 Cir. 4/3/19), 267 So.3d 209, 233.

Upon review, we do not find defendant made a clear and unequivocal request to represent himself. Defendant's alleged request occurred only once when he initially appeared for his original sentencing and after the trial court already denied his motion for new trial. Defendant merely stated, "I don't need you to file nothing!" to his counsel, and "I don't need him to file nothing. I'm going to file everything myself." Defendant did not expressly request to represent himself even when his counsel asked if he was or when the trial court responded that defendant did not wish to represent himself. In light of the foregoing, we find this assignment of error lacks merit.

### Ineffective Assistance of Counsel

In his final *pro se* assignment of error, defendant contends that his counsel was constitutionally ineffective for failing to compel the appearance of a witness at trial, injecting prejudice during cross-examination, not requesting fingerprints or DNA, and failing to object to any sleeping jurors.

Under the Sixth Amendment to the United States Constitution and Article I, Sec. 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. State v. Taylor, 18-126 (La. App. 5 Cir. 10/17/18), 258 So.3d 217, 227, writ denied, 18-1914 (La. 5/20/19), 271 So.3d 200; State v. Casimer, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. A claim for ineffective assistance of counsel is generally more appropriately addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. State v. Washington, 03-1135 (La. App. 5 Cir. 1/27/04), 866 So.2d 973, 983. When, however, the record contains sufficient

evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Deruise, 98-0541 (La. 4/3/01), 802 So.2d 1224, 1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001); State v. Moore, 16-644 (La. App. 5 Cir. 3/15/17), 215 So. 3d 951, 967-68, writ not considered, 18-0495 (La. 11/14/18), 256 So. 3d 283.

In this case, upon review, we find that the record contains sufficient evidence to rule on the merits of defendant's ineffective assistance of counsel claims. Defendant challenges several aspects of defense counsel's decisions at trial, including failing to compel the appearance of a witness at trial, injecting prejudice during cross-examination, not requesting fingerprints or DNA, and failing to object to any sleeping jurors. Given that the record contains the trial transcript, we have evidence before us to consider these issues. However, defendant's allegations regarding these claims are conclusory and unsubstantiated.

Effective assistance of counsel does not mean errorless counsel or counsel who may be judged ineffective on mere hindsight. State v. Hollins, 99-278 (La. App. 5 Cir. 8/31/99), 742 So.2d 671, 681, writ denied, 99-2853 (La. 1/5/01), 778 So.2d 587. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the Strickland test, the defendant must show: (1) that counsel's performance was deficient; that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. Taylor, *supra*; State v. Dabney, 05-53 (La. App. 5 Cir. 6/28/05), 908 So.2d 60, 63. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland, *supra*; State v. Serio, 94-131 (La. App. 5 Cir. 6/30/94), 641 So.2d 604, 607, writ denied, 94-2025 (La. 12/16/94), 648 So.2d 388. To prove

prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Woods, 20-73 (La. App. 5 Cir. 9/9/20), 303 So.3d 403, 408-09, writ denied, 21-27 (La. 2/17/21), 310 So.3d 1150.

An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel because "opinions may differ on the advisability of such a tactic." State v. Singleton, 05-634 (La. App. 5 Cir. 2/14/06), 923 So.2d 803, 811, writs denied, 06-1208 (La. 11/17/06), 942 So.2d 532 and 08-2386 (La. 1/30/09), 999 So.2d 753.

First, defendant claims defense counsel should have called Deputy Boyken as a witness. He asserts that Deputy Boyken and Sergeant Brinser had a disagreement about arresting defendant for possession of a firearm by a convicted felon. "The selection of witnesses and the introduction of evidence are questions of trial strategy and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel." *See* State v. Blank, 16-213 (La. 5/13/16), 192 So.3d 93, 100. To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *See* State v. Reeves, 18-270 (La. 10/15/18), 254 So.3d 665, 672. Here, defendant has failed to demonstrate that Deputy Boyken was available to testify and would have done so, set out the content of his proposed testimony, or shown that the testimony would have been favorable to any particular defense. In addition, based on Deputy Brinser's testimony, Deputy Boyken's testimony would not have affected the outcome of trial because he was not present when Deputy Brinser initially observed defendant with the firearm.

Defendant secondly asserts that defense counsel injected prejudice in his trial when he inquired about gang-related activity. "General statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel." State v. Fisher, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1247. This allegation is conclusory and speculative. In addition, based on the evidence and testimony presented at trial, defendant cannot show the outcome of the trial would have been different if defense counsel had not brought up the gang-related activity issue during trial.

Third, defendant argues that his trial counsel was deficient in failing to pursue fingerprinting, DNA testing, or some other identification method to show that he did not handle the gun. Defendant also argues that at trial his counsel should have focused on the cell phone he had in his hand. This Court has held an attorney's decision regarding gathering and introduction of similar evidence fell within the ambit of trial strategy. State v. Esteen, 846 So.2d at 174. In addition, Mr. Cox testified that objects taken from an individual's possession or seen in that individual's possession are not eligible for DNA testing. Sergeant Brinser testified that she saw defendant with the gun, and she identified the gun in open court. Thus, because Sergeant Brinser observed the gun in defendant's possession on the scene, the laboratory did not conduct DNA testing on it. There is nothing to show that fingerprinting, DNA test, or some other identification method would have contradicted Sergeant Brinser's testimony and proven that defendant did not handle the gun. Consequently, defendant cannot show that there is any evidence that would have resulted in a different outcome.

Finally, defendant asserts that he was denied effective assistance of counsel because his counsel failed to object to a sleeping juror, to request that the juror be removed, or to request a mistrial. The record reflects that during jury instructions the trial judge questioned whether one juror was paying attention and reminded the

jurors that he needed eyes on him. The record does not indicate that a juror was sleeping during trial. Thus, this is another purely speculative and conclusory allegation.

Considering the foregoing, we find that defendant has failed to show that trial counsel's performance was deficient; and thus, that defendant has failed to sustain his burden under Strickland. This assignment of error lacks merit.

We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none.

**Decree**

For the reasons stated above, we find all the assignments of error lack merit and affirm defendant's conviction and sentence.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 22, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-KA-599

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

### MAILED
PERRY BELL #629273 (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
PLAQUEMINE PARISH DETENTION             (APPELLEE)
CENTER                                  DISTRICT ATTORNEY
POST OFFICE BOX 67                      ZACHARY L. GRATE (APPELLEE)
POINTE À LA HACHE, LA 70082             ASSISTANT DISTRICT ATTORNEY
                                        TWENTY-FOURTH JUDICIAL DISTRICT
                                        200 DERBIGNY STREET
                                        GRETNA, LA 70053