201 So.2d 105

**STATE of Louisiana**

v.

**Arthur W. JONES (three cases).**

Nos. 48527–48529.

June 30, 1967.

Robert L. Collings, Lake Charles, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was charged on March 16, 1966 in three separate bills of information [1] with issuing worthless checks in violation of R.S. 14:71. The court appointed counsel, who filed motions to suppress the evidence (based on an illegal search and seizure) and motions to quash the bills of information. The motions to suppress were sustained but the court overruled the motions to quash. Appellant, having waived a jury, was tried before the judge and found guilty on all three charges. Motions in arrest of judgment were filed and overruled and appellant was then sentenced to serve one year at hard labor in the State Penitentiary on each charge,[2] the sentences to run consecutively.

On this appeal, appellant is relying upon three bills of exceptions reserved during the trial. These bills relate to the overruling of the motions to quash the bills of information, the overruling of his objection to the introduction in evidence of a worthless check in case No. 48,529 and the overruling of the motions in arrest of judgment.

Appellant's claim of reversible error is founded on certain evidence which is par-

1. Originally there were 11 charges involving separate checks. Only three are before this Court on appeal, one for $33.-95, drawn upon the Gulf National Bank of Lake Charles (case No. 48,527); one for $41.12, upon Gulf National Bank of Lake Charles (case No. 48,528) and one for $36.57, upon the Calcasieu Marine Na-

tional Bank of Lake Charles, Louisiana, Enterprise Boulevard Branch (case No. 48,529).

2. Under R.S. 14:71, the crime of issuing worthless checks is made a felony when the amount of the check is for more than $20.00.

tially recited in the three perfected bills and also referred to by the judge in his per curiams.

Appellant was arrested in his hotel room in the city of Lake Charles where merchandise and other personal property were seized. The judge sustained appellant's motion to suppress the evidence taken in this warrantless seizure on the ground that the officers did not have reasonable or probable cause to believe that a felony had been committed. The fact of appellant's arrest was reported in the local newspapers and thereafter various local merchants who had cashed the worthless checks issued by appellant (on the faith of which he had obtained the seized wares and articles), contacted the police and made the complaints on which the present charges are based.

It appears to be the theory of defense counsel that, since appellant was illegally arrested and all evidence taken from his hotel room suppressed, the information concerning the worthless checks was obtained directly or indirectly as the product of the illegal arrest and seizure and, forasmuch as the prosecution is founded on the issuance of these checks, the bills of information should be quashed.

We find no merit in this claim. The trial judge pointed out in his per curiams that he had suppressed " * * * all evidence that was seized in the defendant's hotel room at the time of his arrest, and none of this was offered at the trial of these cases. It is obvious that the worthless checks written by the defendant, which constituted the basis of the offenses for which he was prosecuted, were not obtained as a result of any search or seizure, * * ".

■ If it be conceded that constitutional protection (United States Constitution, Fourth and Fourteenth Amendments) against use of the fruits of an illegal arrest and unlawful seizure of property extends to other evidence secured by law enforcement officers as a result of information obtained by the unlawful search or arrest (see, for example, "The Fruit of the Poisonous Tree" doctrine as announced and applied in Nardone v. United States (1937), 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314 and the second Nardone case (1939), 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307), this shield does not cover evidence obtained from independent sources, as in this case. The circumstance that the newspaper accounts of appellant's arrest alerted the merchants, who had accepted the worthless checks in payment for the seized merchandise, does not justify a conclusion that the evidence used in these prosecutions are the product of either the unlawful arrest or seizure. This being so, the illegality of the prior

arrest and seizure is irrelevant. For, when all other elements essential to give a court jurisdiction to try an accused are present, it is immaterial that his original arrest was invalid or that certain evidence not causally connected with an unlawful search and seizure is used by the State as the basis for proving his guilt. See State v. Green, 244 La. 80, 150 So.2d 571.

■■ The second bill of exceptions is predicated, in part, on the same ground as the first bill. It was taken to the admission in evidence of the worthless checks over the objections of appellant.[3] We have heretofore disposed of these contentions in our discussion of Bill No. 1, which is common to the three appeals.

The other portion of Bill No. 2 has reference solely to case No. 48,529, in which appellant is charged with issuing a worthless check for $36.57 drawn upon Calcasieu Marine National Bank of Lake Charles, Louisiana, *Enterprise Boulevard Branch.* The check offered in evidence does not show that it was drawn on any particular branch of Calcasieu Marine National Bank but contains a rubber stamp notation across its face "Enterprise Boulevard Branch". When counsel's objection to the admission of the check in evidence was overruled, an

exception was reserved and he now asserts that there is a variance between the charge and the proof.

In his per curiam, the judge states that the objection to the admissibility of the check in evidence was based on the ground that the prosecuting attorney, in his opening statement, had declared that the amount of the check was $56.57 and not $36.57 and that the court overruled that objection because it was felt that counsel was in error. However, the court further stated in effect that, even if the prosecuting attorney had erroneously stated the amount of the check, it was an inconsequential mistake that could not prejudice appellant.

■ We find no error in this ruling. Since counsel failed to state in his objection to the admission of the check the basis of the complaint now made, the point cannot be raised for the first time on appeal. If it be conceded for purposes of discussion that there is a variance between the check described in the charge and the check offered in evidence, as the judge indicates in his per curiam, appellant should have directed the judge's attention to the defect either during the trial or on an application for a new trial (which was not applied for),

---

3. The second bill correctly raises the issue presented in the first bill as it relates to the alleged improper admissibility of evidence. Indeed, the first bill taken to

the overruling of the motion to quash is procedurally without merit as the bills of information clearly and fully state the nature and cause of the accusations.

so that the judge would have had an opportunity to consider the nature of the objection. For, while an accused is no longer required to apply for a new trial after verdict before seeking a new trial on appeal (see Act 516 of 1964, repealing R.S. 15:559 and Article 920 of the new Code of Criminal Procedure) yet where, as here, the ground for his objection to evidence in the lower court is totally different from that presented on appeal, we are not inclined to order a new trial even though we feel that the objection is well taken and would have been probably sustained below had it been based on the ground urged on appeal.[4]

█ Bill No. 3 was reserved to the denial of appellant's motions in arrest of judgment. These motions are based on the same claims asserted in Bills Nos. 1 and 2. They were properly overruled, if for no other reason, because the motion in arrest of judgment reaches only those errors patent upon the face of the record. It cannot be aided by evidence. Articles 517 and 518 of our former Code of Criminal Procedure (R.S. 15:517 and R.S. 15:518); State v. Gatlin, 241 La. 321, 129 So.2d 4.

The convictions and sentences are affirmed.

4. Additionally, if there was a variance (which we doubt) appellant has suffered no injury as the evidence reveals that he

has no bank account at all in Calcasieu Marine National Bank, neither at the main office nor any of its 19 branches.