290 So.2d 878 (1974)
STATE of Louisiana
v.
Dan Anthony MEICHEL.
No. 53821.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
*879 Paul J. Carmouche, Charles A. Scott, Hendrick, Carmouche & Scott, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles A. Marvin, Dist. Atty., James S. Harris, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Defendant was tried under a bill of information charging him with possession of marijuana. R.S. 40:966. Convicted after trial before a judge, he was sentenced to pay a fine of $250.00 or serve sixty days in jail and to serve six months in jail. The sixty day jail sentence was suspended and defendant was placed on probation for two years. We granted certiorari to consider the legality of the search and seizure of evidence from defendant's automobile.
On November 13, 1972 defendant and another young man were en route from Shreveport, Louisiana to Nashville, Tennessee. They experienced automobile trouble just outside Dixie Inn, Louisiana and pushed their automobile to a service station in the town to seek repairs. Shortly after *880 they arrived the town marshal appeared and questioned defendant and his companion concerning their identity and the ownership of the automobile. Subsequently, the marshal removed a bottle of pills from the automobile. The circumstances surrounding the seizure are controverted. The defendant claims that the officer entered the automobile and after a search found the pills in a closed console between the bucket seats of the automobile. The officer contends that the pills were in open view on the seat on the passenger side of the vehicle.[1]
After seizing the bottle of pills the marshal called the Webster Parish sheriff's office and two deputies were sent to the scene. After some conversation with the marshal and the defendant the deputies searched the trunk of defendant's automobile and found marijuana. Once more there is conflicting testimony concerning the search. The officers claim that defendant consented to the search of the automobile. Defendant and his companion both testified that defendant refused permission to search the trunk.
The State argues that the plain view seizure of the pills established probable cause for a search of the automobile and that in any event the search was proper because it was consensual.
It is well established that evidence in the open or plain view of a police officer who is legally on the premises from which he obtains the view is subject to seizure without a warrant. State v. Pettle, 286 So.2d 625 (La.1973); State v. Neal, 275 So.2d 765 (La.1973); State v. Millsap, 274 So.2d 696 (La.1973); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971). The word "evidence" in the formulation above is critical. A policeman does not have the right to seize any object in his view in order to examine it and determine if it is or would be evidence in a criminal prosecution. An object in open plain view may be seized only where it is readily apparent that the object is contraband or evidence. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 2038, 29 L.Ed. 2d 564 (1971).
In the instant case the testimony of the officer making the seizure is clearly to the effect that he did not know the nature of the pills until after he had picked up the bottle and examined it. He did not know at the time he saw the pills that there was a probability that they were contraband and probably evidence. This seizure does not fall within the plain view exception to the warrant requirement. As such the seizure violated defendant's constitutional rights and was illegal.
Evidence obtained in violation of a defendant's constitutional rights as well as the direct and indirect products of that evidence are inadmissible at trial. Wong Sun v. U. S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Cf. State v. DiBartolo, 276 So.2d 291 (La.1973). Thus, the products of the further search of defendant's automobile based on probable cause arising as a result of an illegal seizure are tainted and must be excluded unless an independent source for the evidence is established. See, State v. Jones, 250 La. 1007, 201 So.2d 105 (1967).
The State contends that the search which uncovered the marijuana was made with the consent of the defendant and thus was legal. State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Page, 251 La. 810, 206 So.2d 503 (1968).
At the hearing on the motion to suppress, both defendant and his companion denied that permission to search the automobile was given to the police officers. Officer Dison, the town marshal of Dixie Inn, testified that the defendant gave permission to the officers to search; however, *881 this conclusion was based on a statement made by the defendant to the officers that "they didn't care for us searching." The two sheriff's deputies testified that permission to search was given.
Whether the officers were under the impression that they had consent to search is not determinative. The testimony of the officers shows that the basis for such impression was erroneous. The statement attributed to the defendant does not constitute consent. The defendant denied consent and misconstruction of the statement by the police does not change the character of the denial.
We find there was neither probable cause to search defendant's car nor consent to that search. The evidence obtained as a result is inadmissible.
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the Twenty-Sixth Judicial District Court, Webster Parish, Louisiana, for further proceeding in accordance with law.
SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents with reasons.
SANDERS, Chief Justice (dissenting).
In the present case, the law enforcement officers saw and took possession of a bottle of pills in the front seat of defendant's automobile. The bottle bore no prescription label, though it was marked "habit forming" and to be sold only with a doctor's prescription. Hence, under the plainview doctrine announced by the United States Supreme Court, the taking of these pills violated no constitutional rights. See Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1968); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927). In my opinion, the finding of the unprescribed, habit-forming drugs gave the officers probable cause to search the automobile for illegal narcotics.
After a review of the record, however, I am also of the opinion that the evidence adequately establishes that the defendant consented to the search. The three law enforcement officers so testified.
Town Marshal Dison testified:
". . . [T]hey told us to go ahead and search the car that they didn't have anything to hide . . ." (Tr. 13)
Deputy Sheriff Stell testified:
"Q Which of you asked the boys to search the car?
"A I did.
"Q You did. Now, what was their reply?
"A They said, yes, sir, said ya'll can search, said we don't have anything in the car that we care for ya'll seeing.
"Q Now, before you asked them to search it did you advise them that they had a right not to let you search it?
"A I told them they didn't have to, yes, sir.
"Q Before or after you asked the question?
"A We asked them to let us search the car and we told them that it wasn't compulsory that they did let us search.
"Q And you told them that before they gave you permission?
"A We asked them to let us search without signing a waiver or getting a search warrant.

*882 "Q Did you?
"A . . . and they gave us permission to search the car." (Tr. 36).
Deputy Sheriff Hilman corroborated as follows:
"Q Was anything said aboutOkay what was the boys answer when they said can we search the car without a search warrant or a waiver? What did the boys answer Did one of them in particular answer or did both of them answer?
"A I believe Meichell there he said that they could and said there wasn't anything in there." (Tr. 46).
Although the defendant and his companion denied that consent was given, I find no adequate reason in the record to reject the testimony of the three officers.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
MARCUS, Justice (dissenting).
I find that no search was initially made of defendant's car and that the rule of Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) that "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence" is applicable to the instant seizure. Thus, the bottle of pills was not taken as a result of a search since it was in plain view. Furthermore, pretermitting the issue of consent to search the vehicle, I conclude that, after finding drugs without prescription, the officers had probable cause to search the car. Under these circumstances, a search warrant was unnecessary.
PER CURIAM.
We expressly conclude that there was no consent given to examine the bottle claimed by the officer to be in "plain view" in order to determine if it contained contraband. An analysis of the evidence of the circumstances, nature and quality of the contended consent to seize the bottle brings us to the same conclusion we reached rejecting consent for search of the trunk of the automobile.
SANDERS, C. J., SUMMERS and MARCUS, JJ., dissent from Per Curiam and are of the opinion that a rehearing should be granted.
NOTES
[1] The bottle of pills in question was labeled as being habit forming and that dispensing without a prescription was prohibited. There was no prescription label on the bottle.