396 So.2d 1312 (1981)
STATE of Louisiana
v.
Elena M. RODRIGUEZ.
No. 80-K-2190.
Supreme Court of Louisiana.
April 6, 1981.
*1313 Craig J. Cimo, Gretna, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, James Maxwell, Asst. Dist. Attys., for plaintiffs-respondents.
COLE, Associate Justice ad hoc[*].
Elena Rodriguez was arrested on April 14, 1980 and charged by bills of information on May 7, 1980 with possession of cocaine and marijuana in violation of La.R.S. 40:967. The defendant filed a motion to suppress the evidence which was heard by the trial court on August 15 and 18, 1980 and denied. This Court granted the defense application for supervisory writs to review that judgment below.

FACTS
On April 14, 1980, at approximately 9:15 p. m., Officer Herbert Doyle of the Jefferson Parish Sheriff's Office received a telephone call from a confidential informant who told him a grey Mercury automobile with a particular license plate number would be in "Fat City" that night carrying two males and one female who were in possession of one ounce of cocaine. The conversation between Officer Doyle and the informant was brief and Officer Doyle could not recall when he testified four months later any additional information being furnished. Officer Doyle had received reliable information from the informant in the past which resulted in one or two arrests and convictions. Believing the informant to possess personal knowledge upon which the information was based,[1] Officer Doyle immediately proceeded to search for the vehicle. He was accompanied by Officer Dexter Accardo who drove a separate police unit. A third officer remained behind to obtain a search warrant if the police activity revealed one was needed and could be utilized.
The officers, in their two unmarked police cars, patrolled the parking areas and streets of Fat City. They soon located a vehicle fitting the exact description furnished by the informant. The vehicle was stopped just before it entered Interstate 10, presumably before it could leave the jurisdiction of Jefferson Parish officers and enter into Orleans Parish.[2] The occupants were requested to get out of their vehicle and as they did so, one arresting officer observed marijuana in two plastic bags on the floor of the car. Shortly thereafter, the defendant was observed throwing down a white envelope. This was retrieved, tested and found to be cocaine.[3]

ASSIGNMENT OF ERROR NO. 1
By this assignment defense counsel contends the trial court erred in curtailing his *1314 cross-examination of the arresting officers concerning the reliability of the confidential informant. Following testimony that the informant had previously supplied narcotics related information which resulted in one or two arrests and convictions, defense counsel sought the name of those arrested or convicted as a result of the alleged previous contacts. The trial court would not permit counsel to elicit the names reasoning such specific information about the informant might disclose his identity and thereby endanger his life.
When the arresting officer has testified in open court as to why he had reason to believe the informant, it will not be assumed the officer has committed perjury. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 1063, 18 L.Ed.2d 62 (1967). Officer Doyle's testimony that the informant had provided accurate information in the past satisfies the need to establish reliability, at least in the absence of defense suggestion that he intentionally misrepresented his informant's past performance.
In State v. Babbitt, 363 So.2d 690 (La. 1978), we held:
"The informer privilege is the privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. It is founded upon public policy and seeks to advance the public interest in effective law enforcement. [Citation omitted.] This court has consistently held that a confidential informant's identity will be divulged only under exceptional circumstances. [Citations omitted.] The general rule is that the burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. [Citations omitted.]"
Also, in State v. Babbitt, supra, we held:
"It is well established that the credibility of the affiant's informant or the correctness of the information furnished by the informant may not be attacked on a motion to suppress. [Citations omitted.]"
The hearing on the motion to suppress in this case was held on two separate days. On the first occasion, defense counsel named two persons and asked if either was the informant. The trial court sustained the state's objection to this attempt to identify the informant. During the second day's proceedings defense counsel pursued the names of those persons previously arrested or convicted upon information furnished by the informant. The trial judge felt this line of questioning tied in with the previous interrogation and would aid in identifying the informant himself. We agree. The specifics of prior experience with the informant would certainly tend to disclose his identity. What is directly prohibited will not be allowed through indirect means. See, State v. Babbitt, supra; State v. Diliberto, 362 So.2d 566 (La.1978); State v. Keys, 328 So.2d 154 (La.1976); State v. Thorson, 302 So.2d 578 (La.1974).
Aside from questions concerning the identity of the informant or the identity of persons previously arrested or convicted upon information supplied by the informant, defense counsel was allowed to interrogate the arresting officers as regards the credibility of the informant and the correctness of the information furnished. Considering this was permitted on a motion to suppress, defendant cannot seriously argue prejudice. State v. Babbitt, supra.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment defendant contends the trial court erred in determining the information supplied by the informant was sufficient reasonable cause to justify an intrusion upon her liberty.
The evidence sought to be suppressed was seized pursuant to the stop of defendant's vehicle. The state stipulated the arresting officers did not obtain a warrant. The officers admitted they did not observe the occupants of the vehicle commit any crime prior to stopping the vehicle, but rather, the stop of the vehicle was based upon their checking out the tip and finding everything to be as represented. Essentially, the informant gave Officer Doyle seven items of information. They were: (1) the make of the automobile, *1315 i. e., a Mercury, (2) the color of the automobile, i. e., grey, (3) the number of the license plate on the automobile, (4) the occupants of the automobile, i. e., two males and one female, (5) the location of the automobile, i. e., in "Fat City," (6) the time when the automobile would be in "Fat City," and, (7) possession by the occupants of one ounce of cocaine. It is undisputed the six supporting items of information were verified by the officers prior to the stop.
Initially, no arrest was made of the defendant nor was a search of the vehicle conducted. The evidence establishes after the vehicle was stopped, the marijuana was immediately discovered. This happened while the occupants were getting out of the vehicle. As of that time, the officers had no opportunity to demand of the occupants their names, addresses and an explanation of their actions. Upon finding the marijuana, the defendant was advised she was under arrest and, at about the same time, she attempted to throw away the envelope containing the cocaine.
La.C.Cr.P. art. 215.1 states, in pertinent part:
"A. A law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or a misdemeanor and may demand of him his name, address and an explanation of his actions."
Reasonable cause for an article 215.1 investigatory stop is something less than probable cause; nevertheless, the officers must have articulable knowledge of particular facts which, taken together with rational inferences therefrom, provide reasonable grounds to suspect the detainee of criminal activity. State v. Ault, 394 So.2d 1192 (La. 1981); State v. Edsall, 385 So.2d 207 (La. 1980); State v. Brown, 370 So.2d 547 (La. 1979).
Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Marks, 337 So.2d 1177 (La.1976).
We hold the officers in this case conducted a valid investigatory stop. The reasonable suspicion required by article 215.1 is predicated upon the past reliability of the informant, verification by the officers of all specific items of supporting information, and the rational inferences to be drawn from information in such detail that only one with actual knowledge could provide it.
In State v. Robinson, 342 So.2d 183, 187 (La.1977), this court noted "it is recognized that an informant's tip can provide a police officer with reasonable cause to detain and question a suspect." We held an informant's tip which may not have supplied the requisite probable cause to arrest, nevertheless, carried with it enough "indicia of reliability" to justify at the least an investigatory stop of the defendant. In Robinson, the informant had described the defendant's clothing and given the defendant's name and exact location to the police. There, as here, the officer had previously relied upon the informant and believed the informant to have first-hand knowledge. There, as here, specific details were given pinpointing time, place, color and make of automobile, criminal activity, and description of the suspect. The only discernable factual difference between Robinson and this case is that, in Robinson, the name of the suspect was given. However, the identity was not verified until after the stop was made. More than offsetting the lack of names in this case is the license plate number and the number and sex of the vehicle occupants.
The facts in this case are equally strong, if not more so, than those found in Robinson. Reasonable cause and exigent circumstances coincided in this instance. The suspicion which was the product of good police work ripened into almost certain facts justifying the stopping of the defendant vehicle. See also, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); State v. Guzman, 362 So.2d 744 (La.1978).
*1316 Having found the investigatory stop to be based upon a reasonable suspicion of criminal activity, the evidence need not be suppressed because it was seen in "plain view" before the defendant was actually arrested. In State v. Banks, 363 So.2d 491 (La.1978), the "plain view" exception to warrant requirements was explained:
"In sum, the conditions necessary for the applicability of the plain view doctrine are: (1) there must be a prior justification for an intrusion into a protected area, (2) in the course of which evidence is inadvertently discovered, and (3) where it is immediately apparent without close inspection that the items are evidence or contraband. State v. Parker, 355 So.2d 900 (La.1978); State v. Fearn, supra [345 So.2d 468]. See also, State v. Meichel, 290 So.2d 878 (La.1974)."
The facts of this case clearly bring it within the exception. The officers were lawfully at the scene by virtue of the investigatory stop, the discovery of the marijuana was clearly inadvertent, and it was immediately apparent without close inspection the plastic bags contained marijuana.
This assignment is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court denying the motion to suppress is affirmed and this case is remanded to the district court for further proceedings.
AFFIRMED.
DIXON, C. J., specially concurs.
NOTES
[*] Judges Frederick S. Ellis, Luther F. Cole, and J. Louis Watkins, Jr. of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson, and Lemmon.
[1] Doyle testified, "Well, I'm quite sure he had to have knowledge, otherwise he wouldn't have called me."
[2] Under cross-examination, Doyle explained they stopped the vehicle because the information obtained from the informant had been verified. He testified: "[T]he fact that the vehicle was, in fact, there and it did have that same license number on the vehicle, and it, in fact, had three people in it, this is the reason we stopped the vehicle." Officer Accardo testified the information from the informant was: "Right down the line, the color of the vehicle, the specific license plate, the area it would be in and the occupants of the vehicle. Everything fell right in place right down the line."
[3] The trial judge expressly stated he believed the testimony of the officers relative to the inadvertency of their discovery of the marijuana and cocaine.