PER CURIAM:
Writ granted. Two officers approached defendant, who stood on the sidewalk among a group of seven persons at night in a high crime area, because the group strongly smelled of burning marijuana, which gave the officers reasonable suspicion to conduct a brief investigatory stop pursuant to Terry v. Ohio , 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under the totality of the circumstances presented here, the officers also had a reasonable, objective and particularized basis for conducting a pat-down frisk of defendant. See State v. Sellers , 34,968 (La. App. 2 Cir. 9/26/01), 796 So.2d 158 (finding a frisk for weapons justified for officer safety in high crime area at night when officers were outnumbered following stop based on reasonable suspicion of criminal activity), writ denied , 01-2931 (La. 10/14/02), 827 So.2d 412. Before the pat-down was completed, defendant stated that he had a bag of marijuana and produced it for the officers. Defendant was then arrested, and a search incident to arrest revealed individually packaged heroin and a digital scale.
The district court granted defendant's motion to suppress the evidence because, inter alia, the possession of marijuana, while criminal, may result in the issuance of a summons rather than an arrest. The district court erred. An officer may arrest a person who commits a misdemeanor in the officer's presence. See La.C.Cr.P. art. 213 ; see also Atwater v. City of Lago Vista , 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001) ("If an officer has probable cause to believe an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). Defendant here, during a Terry stop based on reasonable suspicion, was found to be in possession of marijuana. Therefore, he was subject to arrest. Accordingly, we grant the state's application to reverse the district court's ruling that granted defendant's motion to suppress, and remand for further proceedings. In addition, the district court is directed to reconsider its ruling with regard to probable cause in light of the views expressed here.
REVERSED AND REMANDED
I respectfully dissent, finding the district court did not err in granting defendant's motion to suppress evidence.
In this case, two officers were on patrol and came across a group of approximately seven individuals, including the defendant. Officers claimed that as they were driving by with their windows down, they detected an odor consistent with marijuana. As officers *181 approached the group, one individual allegedly responded "We had smoked earlier." One of the officers claimed defendant made the statement, however defendant asserted the officer's body camera footage clearly indicated a woman made the statement. The officers then conducted a pat down and search of three members of the group, including the defendant. The officers recovered a bag of marijuana from the defendant after the pat down and placed him under arrest for possession of marijuana. A subsequent search incident to the arrest recovered individually wrapped bags of heroin and a digital scale. Defendant was also charged with one count of possession of heroin with intent to distribute. Defendant filed a motion to suppress the evidence on the basis the investigatory stop was not permissible, and the pat down was not justified.
Under the Fourth Amendment, a police officer may briefly detain an individual for investigative purposes (" Terry stop") if the officer has a reasonable and articulable suspicion that the individual has committed or about to commit a crime. Terry v. Ohio , 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) ; State v. Boyer , 07-0476 (La. 10/16/07), 967 So.2d 458, 469 ; State v. Temple , 02-1895 (La. 9/9/03), 854 So.2d 856, 859 ; State v. Sims , 02-2208 (La. 6/27/03), 851 So.2d 1039, 1043 ; see also La. C.Cr.P. art. 215.1. In making a brief investigatory stop on less than probable cause to arrest, the police " 'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " State v. Kalie , 96-2650 (La. 9/19/97), 699 So.2d 879, 881 (quoting United States v. Cortez , 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981) ). Even after a lawful investigatory stop, an officer is justified in patting down a suspect only where "he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry , 392 U.S. at 27, 88 S.Ct. 1868. The officer's belief is not reasonable unless he is "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York , 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) ; see also State v. Bolden , 380 So.2d 40 (La. 1980), cert. denied , 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980).
In this case, the district court conducted an evidentiary hearing on defendant's motion to suppress the evidence, wherein the district court heard testimony from the officers and listened to the recording from the officer's body camera. In granting the motion to suppress, the court explained:
The telling thing for the court is that no one in the group makes a motion to leave, no furtive movements, nothing else, it's a very calm situation. The officer is very polite, inquisitive, but polite. There's no issue that the officer either testified to...or...evidence on the body camera that the officer had any indication that he should be on alert, that perhaps someone had committed-expect for the smoking of the marijuana-had committed a crime, was committing a crime, was about to commit a crime.
The court notes that the new marijuana laws...marijuana is now a summonsable offense. In fact, the issue is to issue a summons and not arrest.
It seems as though the officers in this case went directly from approaching and making inquisitions or asking questions into a straight pat-down, full pat-down, and search of all the individuals that were there for no real clear indication in *182 this court's opinion and therefore the court finds that there was not probable cause for the search and suppresses the evidence that was seized.
Based on the facts of this case, I do not find that officers had a particularized and objective basis for suspecting this defendant had committed a crime, was committing a crime, or was about to commit a crime. Further, I find the pat down of defendant was not justified in this case because the officers failed to point to particular facts from which they reasonably inferred defendant was armed and dangerous.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution protect citizens against unreasonable searches and seizures. However, all too often these constitutional protections are not respected by law enforcement in urban areas, especially those designated as "high crime areas." The action of walking down the street in a group of people, even in a "high crime area," without more, is insufficient to justify an investigatory stop and pat down. In my view, the officers' reliance on the smell of marijuana was certainly pre-textual in this case. Had officers merely smelled marijuana in a more affluent neighborhood or at one of our city's numerous outdoor festivals, I doubt they would begin to pat down everyone on the street or in the crowd. The same constitutional protections must apply to all of our citizens, regardless of the area of town.
For these reasons, I see no error in the district court's ruling granting defendant's motion to suppress and I would deny the state's writ application.
GENOVESE, Justice, would deny.