# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #005

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of January, 2019**, are as follows:

**PER CURIAM**:

2018-KK-0711          STATE OF LOUISIANA v. MELVIN MIGUEL (Parish of Orleans)

Finding that the totality of the circumstances present here gave the detective probable cause to believe the prescription bottle contained contraband, we find the plain view exception to the warrant requirement applies. Accordingly, we reverse the court of appeal, reinstate the district court's ruling that denied defendant's motion to suppress the evidence, and remand to the district court for further proceedings.

REVERSED AND REMANDED

JOHNSON, C.J., dissents and assigns reasons.
GENOVESE, J., dissents for the reasons assigned by the court of appeal and for the reasons assigned by Chief Justice Johnson.

SUPREME COURT OF LOUISIANA

No. 2018-KK-0711

STATE OF LOUISIANA

VERSUS

MELVIN MIGUEL

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

**PER CURIAM**

Defendant was the driver of a vehicle that was stopped because it had a cracked windshield. Defendant was driving with a suspended driver's license and a fraudulent license plate. In addition, defendant admitted he had been smoking marijuana. Before asking defendant to exit his vehicle, a detective scanned the interior and noticed an orange prescription bottle, with the name on the label peeled off, sitting in the broken driver's side door handle. Defendant and his passengers disclaimed ownership of the bottle.

Defendant exited the vehicle, was handcuffed and *Mirandized*, and placed inside a police vehicle. The detective then retrieved the pill bottle, opened it, and discovered five Hydrocodone pills. Defendant was arrested and charged with possession of a controlled dangerous substance, La.R.S. 40:967. He was also cited for several traffic violations.

Defendant moved to suppress the evidence on several grounds, including that the pill bottle was not immediately apparent as contraband to justify a warrantless search and seizure. The district court denied the motion to suppress after conducting a hearing and reviewing the detective's body camera video. The court of appeal found the district court erred in denying defendant's motion to suppress. *State v. Miguel*, 18-0233 (La. App. 4 Cir. 4/26/18) (on reh'g) (unpub'd).

Relying on *State v. Meichel*, 290 So.2d 878 (La. 1974), the majority found the plain view exception did not apply because the incriminating character of the bottle was not immediately apparent. The court of appeal erred.

The plain view doctrine renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. *State v. Gray*, 13-1326, p. 2 (La. 6/28/13), 122 So.3d 531, 533 (citing *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). The only controversy in the present case is whether the prescription bottle's incriminating character was immediately apparent.

The "immediately apparent" aspect of the plain view exception is better stated as probable cause to believe the item in question is or contains contraband, as clarified in *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). In *Brown*, the United States Supreme Court stated, "Decisions by this Court since [*Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)] indicate that the use of the phrase 'immediately apparent' was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine." *Id.*, 460 U.S. 741, 103 S.Ct. at 1543. In the present case, the court of appeal similarly required an unduly high degree of certainty—beyond probable cause—as to the incriminatory character of the evidence.

Regarding probable cause in the context of the plain view exception, the United States Supreme Court stated in *Brown*:

> [P]robable cause is a flexible, common-sense standard. It merely

requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949). Moreover, our observation in *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981), regarding "particularized suspicion," is equally applicable to the probable cause requirement:

> "The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."

*Brown*, 460 U.S. at 742, 103 S.Ct. at 1543.

During oral argument, defendant contended that the fact that the name was torn from the label alone was insufficient to give the detective probable cause to believe the bottle contained contraband. That circumstance did not appear in isolation, however. The officer was also aware that defendant was driving with a suspended driver's license, the vehicle had a fraudulent license plate, defendant and his passengers disclaimed ownership of the bottle, and defendant admitted he recently smoked marijuana (while claiming he consumed it all and thus implying none would be found in the vehicle). These circumstances, in conjunction with the suspiciously torn label, when weighed by an experienced law enforcement officer, provided probable cause to believe the prescription bottle contained contraband.

Defendant cites *State v. Meichel*, 290 So.2d 878 (La. 1974) as being directly applicable and requiring suppression of the evidence. In *Meichel*, a town marshal

3

approached the defendant's vehicle as he was having car trouble. According to the marshal, he observed a pill bottle on the passenger's seat. The bottle of pills in question was labeled as being habit forming and that dispensing without a prescription was prohibited. Two sheriff's deputies subsequently arrived and searched the trunk, where they found marijuana. The state argued that the plain view seizure of the pills established probable cause for a search of the automobile, but this court disagreed:

> In the instant case the testimony of the officer making the seizure is clearly to the effect that he did not know the nature of the pills until after he had picked up the bottle and examined it. He did not know at the time he saw the pills that there was a probability that they were contraband and probably evidence. This seizure does not fall within the plain view exception to the warrant requirement. As such the seizure violated defendant's constitutional rights and was illegal.

*Meichel*, 290 So.2d at 880. In *Meichel*, however, there were not the additional circumstances, present here, to justify the seizure and subsequent search of the pill bottle.

Finding that the totality of the circumstances present here gave the detective probable cause to believe the prescription bottle contained contraband, we find the plain view exception to the warrant requirement applies. Accordingly, we reverse the court of appeal, reinstate the district court's ruling that denied defendant's motion to suppress the evidence, and remand to the district court for further proceedings.

**REVERSED AND REMANDED**

4

01/20/2019

# SUPREME COURT OF LOUISIANA

## No. 2018-KK-0711

## STATE OF LOUISIANA

## VERSUS

## MELVIN MIGUEL

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FOURTH CIRCUIT, PARISH OF ORLEANS

**JOHNSON, Chief Justice, dissents and assigns reasons.**

Because I find the state failed to prove the seizure and search of the prescription pill bottle was justified under an exception to the warrant requirement, I find the evidence should have been suppressed.

Detective Terrell's search and seizure of the pill bottle did not fall within the plain view exception to the warrant requirement because Det. Terrell did not have probable cause to believe it contained contraband. In *State v. Meichel*, 290 So. 2d 878, 880 (La. 1974), this court explained that "a policeman does not have the right to seize any object in his view in order to examine it and determine if it is or would be evidence in a criminal prosecution. An object in open plain view may be seized only where it is readily apparent that the object is contraband or evidence." Det. Terrell's testimony that he observed an orange prescription bottle without a legible name is not sufficient to constitute probable cause to search that container for contraband. The majority attempts to distinguish *Meichel* by finding there were "additional circumstances" in this case which provided probable cause for Det. Terrell to believe the prescription bottle contained contraband. I cannot agree. In my view, the fact that defendant's license was suspended, that he did not have a valid license plate, or that he admitted to smoking marijuana earlier are unrelated to whether Det. Terrell believed the pill bottle contained contraband. As pointed out by

the court of appeal in this case, Det. Terrell did not testify to any facts or circumstances that he observed that provided probable cause for him to believe there was evidence of contraband in the vehicle. *State v. Miguel*, 18-0233 at *3 (La. App. 4 Cir. 4/26/18). The court of appeal additionally reviewed Det. Terrell's body camera footage, which supported its finding that the district court abused its discretion in determining Det. Terrell had probable cause for his seizure and search of the pill bottle. *Id.*

For these reasons, I must respectfully dissent.