STATE OF LOUISIANA

VERSUS

CARLOS MCKNIGHT, JR.

NO. 22-KA-499

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 21,213, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING

May 24, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR**
**RESENTENCING, WITH RESERVATION UNTO DEFENDANT TO**
**WITHDRAW GUILTY PLEA**
   **JGG**
   **FHW**
   **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
	Honorable Joel T. Chaisson, II
	Louis G. Authement

COUNSEL FOR DEFENDANT/APPELLANT,
CARLOS MCKNIGHT, JR.
	Katherine M. Franks

**GRAVOIS, J.**

After entering a guilty plea pursuant to *State v. Crosby*,[1] defendant, Carlos McKnight, Jr., has appealed the denial of his "Motion to Suppress Evidence." For the following reasons, we affirm defendant's conviction, vacate defendant's sentence, and remand the matter to the trial court for resentencing, reserving unto defendant the right to withdraw his guilty plea.

## PROCEDURAL HISTORY

On May 10, 2021, the St. Charles Parish District Attorney filed a bill of information charging defendant, Carlos McKnight, Jr., with possession with the intent to distribute marijuana, in violation of La. R.S. 40:966(A)(2). On May 18, 2021, defendant pled not guilty.

On July 13, 2021, defendant filed a "Motion to Suppress Evidence." On May 3, 2022, the motion was denied following a hearing. On June 21, 2022, defendant withdrew his plea of not guilty, and after being advised of his *Boykin*[2] rights, pled guilty as charged pursuant to *State v. Crosby*, *supra*, reserving his right to challenge the denial of his "Motion to Suppress Evidence." That same day, defendant was sentenced to "five years with the Department of Corrections, deferred, under Article 893; three years active probation" with the following special conditions: contact his probation officer within forty-eight hours of sentencing, comply with the general conditions of probation set forth in La. C.Cr.P. art. 895, undergo a substance abuse evaluation, and follow any and all recommendations for treatment. The judge imposed a five hundred dollar fine to be paid by June 21, 2023, and "court costs through the St. Charles Sheriff's Office." The judge further ordered defendant to pay a three hundred fifty dollar reimbursement to the Public Defender Office to be paid by June 21, 2023, and a

---

[1] *State v. Crosby*, 338 So.2d 584 (La. 1976).

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

monthly supervision fee of fifty dollars. Defendant was also sentenced to three days in the parish prison with credit for time served. On July 15, 2022, defendant filed a "Motion For Appeal Pursuant to *State v. Crosby*," which was granted on July 21, 2022. Defendant now challenges the denial of his "Motion to Suppress Evidence."

On appeal, defendant argues that the trial judge erred in denying the defense Motion to Suppress, both the search of defendant's automobile and the statements he gave to the officers following his alleged illegal arrest. He avers that his arrest was illegal as it lacked probable cause and that he should have been issued a summons instead. He asserts that the statement and search of the vehicle were products of an illegal arrest and therefore fruits of the poisonous tree. As such, he contends that the Motion to Suppress should have been granted.

The State avers that defendant's detention was justified and that the smell of marijuana provided probable cause for the warrantless search of the vehicle. The State opines that this probable cause increased when defendant gave the officer a container of marijuana. The State contends that the officer should not have been limited to issuing a summons when the officer smelled a "felony level of marijuana." It asserts that the scope of the vehicle search was justified. The State provides that defendant, his girlfriend, and the occupant of the other vehicle were all advised of their rights. The State concludes that the court did not err in denying the defense Motion to Suppress.

## ASSIGNMENT OF ERROR

## DENIAL OF MOTION TO SUPPRESS

On July 13, 2021, defendant filed a "Motion to Suppress Evidence." In the motion, he asked the judge to suppress the evidence, whether the evidence is "physical or any form of statement or confession, particularly the alleged marijuana, and any other items seized from the defendant in this matter … as the

result of an unlawful search, without a warrant, without any valid exception to the requirement of warrant and without probable cause." On May 3, 2022, a hearing was held on the motion. At the hearing, defense counsel clarified that she sought to suppress a scale, a backpack, and any statements made by defendant based on an illegal and unconstitutional stop.

### *Facts*

Deputy Adam Coley with the St. Charles Parish Sheriff's Office testified that on April 20, 2021 at around 10:30 p.m. while on patrol, he went to the construction site of a park in the St. Rose area in St. Charles Parish. That time of night was past the closing time of parks in the area. Deputy Coley acknowledged that he was not dispatched there and that the park was a public place. He explained that the location was secluded and that there was only one way in and out. The area had a parking lot and basketball courts that were already built.

Deputy Coley observed two parked cars there. One person, later identified as Oliver Aguillard, was outside of one of the vehicles, and defendant and his girlfriend, Nila Cambre, were inside the other vehicle. Deputy Coley stated it was clear that the people he saw at the park were not engaged in construction. As such, he found that there was suspicious behavior to warrant further investigation. He acknowledged that he did not observe an exchange of anything between the individuals. He then activated the lights on his police car to alert the people there that he was law enforcement and to not alarm them. He approached the people and asked what they were doing in that area at that time of night. They replied that they were just talking. As he approached the vehicle defendant was in, Deputy Coley "smelled green marijuana" coming through the open passenger window. He clarified that he meant raw, unsmoked marijuana.

When Deputy Coley was talking to the individuals, defendant was seated in the front passenger area of the vehicle with a backpack between his feet. Deputy

Coley obtained identification from the three individuals and asked who had marijuana. Defendant replied that he had a small amount and handed Deputy Coley a cigar packet containing "two flowers," a total of approximately two grams, of marijuana. Deputy Coley removed one of the "flowers" and asked how much it was worth. Defendant told him that it was worth approximately $10. Deputy Coley put the "flower" aside and another deputy arrived.[3] The three people on the scene were separated and detained. Deputy Coley explained that they were detained because of the location of the incident and the strong odor of marijuana. Defendant was removed from the vehicle, handcuffed, and placed inside the police unit. Deputy Coley acknowledged that at that time, defendant was only detained and was not under arrest.

Deputy Coley then searched Ms. Cambre's vehicle without a warrant or consent.[4] He testified that there was no contraband or weapon in plain view. However, on the front passenger floorboard, he found a backpack[5] with a jar containing approximately twenty grams of marijuana, a bag with an additional small quantity of marijuana, several Dixie cups with traces of marijuana inside, and some torn bags that he indicated were a common way to package small quantities of marijuana for sale. Approximately 25.3 grams of marijuana were recovered from the backpack. Inside the unlocked center console, there was a digital scale with traces of marijuana on the scale plate. Deputy Coley observed that the scale was turned "on," and that because these devices typically have an automatic "off" feature, it appeared that the scale had recently been used. The total

---

[3] Officer Alexis Agnelly served as a backup unit at the park under construction on April 20, 2021. When she arrived, three individuals were already detained. Sergeant Andrew Peyton also responded as a backup unit. He recalled that Deputy Coley put out a call that he was at the park with two vehicles with multiple occupants. Neither Officer Agnelly, nor Sergeant Peyton testified to seeing Deputy Coley search the vehicle.

[4] Deputy Coley acknowledged that defendant was not the driver and that the vehicle was not registered to defendant.

[5] The deputy did not have consent or a warrant to search the backpack.

aggregate amount of marijuana recovered from the scene was approximately 27.3 grams.

Deputy Coley advised defendant of his *Miranda*[6] rights. After waiving those rights, defendant told the deputy that he was "slinging"[7] marijuana and claimed ownership of the items found in the vehicle. Deputy Coley also spoke to Ms. Cambre and advised her of her rights. Ms. Cambre admitted that defendant possessed marijuana and she knew that he sold it. Ms. Cambre explained that she picked defendant up from his house and drove him to the construction site/park. Mr. Aguillard also admitted that he knew defendant sold and smoked marijuana.

After Deputy Coley testified, the trial judge denied the Motion to Suppress, finding that there was probable cause to search the vehicle, that the statements were legally obtained, and that the advice of rights was given to defendant with respect to the second statement. Defense counsel noticed her intent to seek a writ. Although it does not appear that defendant sought a writ on the matter with this Court, he filed the instant appeal wherein he challenges the suppression ruling and focuses on his arrest.

### *Analysis*

The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. *State v. Gray*, 06-298 (La. App. 5 Cir. 10/31/06), 945 So.2d 798, 801, *writ denied*, 06-2958 (La. 9/14/07), 963 So.2d 993. However, law enforcement officers are authorized by La. C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to conduct investigatory stops, which allow officers to stop and interrogate a person who is

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The advice of rights form was executed at 2:30 a.m.

[7] Deputy Coley explained that "slinging" is a slang term for selling illicit drugs.

reasonably suspected of criminal activity. *Id.*, citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

"Reasonable suspicion" to stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. *State v. Taylor*, 12-25 (La. App. 5 Cir. 6/28/12), 97 So.3d 522, 529. Police do not have to observe what they know to be criminal behavior before investigating. Instead, the requirement is that the officers have a reasonable suspicion of criminal activity. *State v. Morales*, 12-454 (La. App. 5 Cir. 12/18/12), 125 So.3d 1141, 1146. Evidence derived from an unreasonable stop will be excluded from trial. *Taylor*, *supra*.

The determination of reasonable grounds for an investigatory stop does not rest on the officer's subjective beliefs or attitudes, but is dependent on an objective evaluation of all the circumstances known to the officer at the time of his challenged action. *State v. Sierra*, 11-161 (La. App. 5 Cir. 12/28/11), 83 So.3d 239, 246. In considering whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences that he is entitled to draw from the facts in light of his experience. *State v. Gross*, 14-110 (La. App. 5 Cir. 6/24/14), 145 So.3d 521, 527-28, *writ denied*, 14-1516 (La. 2/27/15), 159 So.3d 1065.

A reviewing court must take into account the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer that might elude an untrained person. An officer's experience, his knowledge of recent criminal patterns, and his knowledge of an area's frequent incidence of crimes are factors that may support reasonable suspicion for an investigatory stop. *State v. Gibson*, 12-350 (La. App. 5 Cir. 10/30/12), 103 So.3d 641, 649.

An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest. *State v. Graham*, 01-1232 (La. App. 5 Cir. 5/29/02), 820 So.2d 1101, 1106, *writ denied*, 02-1770 (La. 12/19/02), 833 So.2d 329. Probable cause to arrest exists when facts and circumstances within an officer's knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of average caution in believing that the person to be arrested has committed a crime. *State v. Trepagnier*, 07-749 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 192, *writ denied*, 08-784 (La. 10/24/08), 992 So.2d 1033.

The plain view doctrine renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. *State v. Miguel*, 18-711 (La. 1/30/19), 263 So.3d 873, 874. The plain smell exception is an extension of the plain view exception. *State v. Gray*, 13-1326 (La. 6/28/13), 122 So.3d 531, 533.

The Fourth Amendment permits an automobile search if probable cause exists to believe it contains contraband or evidence of a crime. *State v. Jackson*, 20-124 (La. 1/31/20), 289 So.3d 45, 46. The scope of the warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted, but rather, is defined by the object of the search and the place in which there is probable cause to believe it may be found. *State v. Tatum*, 466 So.2d 29, 31 (La. 1985), citing *U.S. v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

Courts, including this Court, have consistently held that the odor of marijuana provided the officers with sufficient probable cause to conduct warrantless searches of vehicles. *State v. Brown*, 17-420 (La. App. 5 Cir. 2/21/18), 239 So.3d 455, 462, *writ denied*, 18-480 (La. 1/18/19), 262 So.3d 281. Probable

cause exists when the totality of circumstances gives rise to a "fair probability" that contraband or evidence of a crime will be found in a particular place. *Jackson*, 289 So.3d at 46.

In a hearing on a motion to suppress, the State bears the burden of proving the admissibility of a purported confession or statement by the defendant and of any evidence seized without a warrant. La. C.Cr.P. art. 703(D); *State v. Dufrene*, 12-716 (La. App. 5 Cir. 4/10/13), 115 So.3d 22, 24. A trial court is afforded great discretion when ruling on a motion to suppress and its ruling will not be disturbed absent an abuse of that discretion. *State v. Smith*, 19-395 (La. App. 5 Cir. 3/13/20), 293 So.3d 732, 741.

In *State v. Lacrosse*, 19-599 (La. App. 5 Cir. 1/7/20), 2020 WL 88838, this Court reversed the trial judge's granting of a motion to suppress evidence. The evidence at the suppression hearing reflected that the officer conducted a valid traffic stop. After coming to a stop in a driveway, the defendant exited his vehicle and closed the door, at which point the officer detected the odor of marijuana. This smell of fresh marijuana provided the officer with sufficient probable cause to conduct a warrantless search of the vehicle. As the officer conducted the lawful search, the smell of the marijuana grew stronger as he neared the trunk. *Id*. at *4.

On appeal, defendant's argument focuses more on whether his arrest was illegal. He argues that it was illegal, and therefore, the subsequent statement and evidence should have been suppressed. We disagree.

Upon review, we find that Deputy Coley did not need reasonable suspicion to approach the three individuals in a closed public park under construction and ask a few questions. Although reasonable suspicion is required for a police officer to stop an individual, it is not required every time an officer approaches a citizen in a public place. Police officers possess the same right as any citizen to approach an individual and ask a few questions. *State v. Turner*, 08-1188 (La. App. 5 Cir.

5/12/09), 13 So.3d 695, 699, *writ denied sub nom.*, *State ex rel. Turner v. State*, 09-2100 (La. 8/18/10), 42 So.3d 400. A police officer's action of merely approaching an individual does not implicate the protections of the Fourth Amendment. *Morales*, 125 So.3d at 1147. Police officers remain free to approach any citizen to ask him a few questions "as long as [they] do not convey a message that compliance with their requests is required." *Gray*, *supra*.

Nevertheless, in the present case, we find that there was reasonable suspicion to stop defendant. Deputy Coley approached the small group of people in a park under construction at night and smelled marijuana. He explained that the area was secluded and that there was only one way to enter or exit. After the initial approach, there were additional circumstances to justify defendant's detention. After Deputy Coley smelled the marijuana and asked who had it, defendant produced approximately two grams of marijuana. Defendant argues in part that the initial two grams of marijuana justified defendant only being issued a summons, rather than being arrested. However, this argument is without merit in light of *State v. Jackson*, 18-1135 (La. 11/20/18), 257 So.3d 179.

In *Jackson*, 257 So.3d at 180, officers approached a group of people that included the defendant on a sidewalk at night in a high-crime area because the group strongly smelled of burning marijuana. The Louisiana Supreme Court indicated that this gave the officers reasonable suspicion to conduct a brief investigatory stop. The court stated that under the totality of the circumstances, the officers also had a reasonable, objective, and particularized basis for conducting a pat-down frisk of the defendant. Before the pat-down was completed, the defendant stated that he had a bag of marijuana and produced it for the officers. The defendant was then arrested, and a search incident to arrest revealed individually packaged heroin and a digital scale. *Id.*

In *Jackson*, the district court granted the defendant's motion to suppress the evidence because the possession of marijuana, while criminal, may result in the issuance of a summons, rather than an arrest. The Supreme Court found that the district court erred. The court stated that an officer may arrest a person who commits a misdemeanor in the officer's presence. The court found that the defendant, during a *Terry* stop based on reasonable suspicion, was found to be in possession of marijuana. Therefore, he was subject to arrest. The court therefore reversed the district court's ruling that granted the defendant's motion to suppress. *Id*.

As indicated in *Jackson*, even though the marijuana in the present case was a small amount, defendant was still subject to arrest at that point. Accordingly, defendant's arrest was lawful and the evidence and statement obtained after that arrest do not require suppression based on the arrest.

In light of the above, based on the totality of the circumstances presented, we find that the trial court did not abuse its discretion in denying defendant's Motion to Suppress. Accordingly, defendant's arguments on appeal are without merit.

## ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

An error patent concerning defendant's sentencing was discovered. At sentencing, the judge indicated that defendant's sentence was *deferred* under Article 893.[8] However, a deferred sentence is not available to a defendant for a

---

[8] After accepting defendant's guilty plea for possession with intent to distribute marijuana, defendant was sentenced to "five years with the Department of Corrections, *deferred*, under Article 893; three years active probation."

violation of La. R.S. 40:966(A)(2). La. C.Cr.P. art. 893 provides guidelines for both suspension and deferment of sentences. La. C.Cr.P. art. 893(E)(1)(b) specifically prohibits deferment of a sentence for a conviction under La. R.S. 40:966(A), which is the offense defendant pled guilty to in the instant case.[9] *See State v. Flynn*, 17-1327 (La. App. 1 Cir. 4/11/18), 249 So.3d 834, 837.

Considering the foregoing, defendant's deferred sentence, which is specifically prohibited by La. C.Cr.P. art. 893(E)(1)(b), is hereby vacated. We remand this matter for resentencing in accordance with the law. Further, since it appears from the record on appeal that defendant entered his guilty plea under Article 893 because he wanted his sentence deferred, we reserve unto defendant the right to withdraw his guilty plea.

## DECREE

For the foregoing reasons, defendant's conviction is affirmed, defendant's sentence is vacated, and the matter is remand to the trial court for resentencing, reserving unto defendant the right to withdraw his guilty plea.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING, WITH RESERVATION UNTO DEFENDANT TO WITHDRAW GUILTY PLEA**

---

[9] La. C.Cr.P. art. 893(E)(1)(b) provides, in pertinent part: "The court shall not defer a sentence under this provision … for a violation of R.S. 40:966(A) … ."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 22-KA-499

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
LOUIS G. AUTHEMENT (APPELLEE)       KATHERINE M. FRANKS (APPELLANT)

**MAILED**
HON. HONORABLE JOEL T. CHAISSON, II
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057